UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER ON *IN CAMERA* REVIEW DOCUMENTS |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to the court's order granting plaintiff's fourth motion to compel production of documents (Docket 246), defendants produced four documents for *in camera* review on October 22, 2008. The court finds that because all of the documents are protected by the work product privilege, they are not discoverable.

**DISCUSSION**

**I.   Documents Provided by Defendants for *In Camera* Review**

In a diversity case, such as this one, courts "apply federal law to resolve work product claims." Baker v. General Motors Corp., 209 F.3d 1051, 1053 (8th Cir. 2000). Federal Rule of Civil Procedure 26(b)(3) provides

that documents "prepared in anticipation of litigation or for trial by or for another party or by its representative" may be obtained in discovery only if the party seeking discovery "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  The rule further states that the court will "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3).

Thus, there are two types of work product–ordinary work product and opinion work product.  Raw factual information is considered ordinary work product, while an attorney's mental impressions, conclusions, and legal theories are considered opinion work product.  Baker, 209 F.3d at 1054. "Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means.  In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud."  Id. (internal citation omitted).

The purpose of the work product privilege is "to ensure that an opponent cannot secure materials that an adversary has prepared in

anticipation of litigation." Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998). Although the doctrine has been applied in a variety of legal contexts, "[t]he essential element of each case . . . is that the attorney was preparing for or anticipating some sort of adversarial proceeding involving his or her client." In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 924 (8th Cir. 1997). The Eighth Circuit has created a test for determining whether documents were prepared in anticipation of litigation, which is "clearly a factual determination." Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987).

> The test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

Id. Also, the Advisory Committee notes indicate that "[m]aterials assembled in the ordinary course of business . . . or for other nonlitigation purposes are not under the qualified immunity provided by" the rule. Fed. R. Civ. P. 26(b)(3) advisory committee notes.

Moreover, the Eighth Circuit has determined that work product documents prepared for previous litigation are protected from discovery in a subsequent case, regardless of whether the subsequent case is related to the previous litigation. See United States v. Pfizer, Inc., 560 F.2d 326, 335

(8th Cir. 1977). "Counsel should be allowed to amass data and commit his opinions and thought processes to writing free of the concern that, at some later date, an opposing party may be entitled to secure any relevant work product documents merely on request and use them against his client." Id. at 334. Significantly, "[t]he work product privilege would be attenuated if it were limited to documents that were prepared in the case for which discovery is sought [and] [i]f work product is protected in related, but not unrelated future cases, an attorney would be hesitant to assemble extensive work product materials because of the concern that the materials will not be protected in later, unrelated litigation." Id. at 334, 335.

### A. January 10, 2003, Letter

Defendants assert the work product privilege in relation to a January 10, 2003, letter authored by retained counsel. The letter specifically discusses the attorney's legal opinion and analysis of the "time filing" provision located within defendants' disability insurance policy in reference to a particular pending case. Although the referenced case is not the case currently pending before this court, as noted above, the work product privilege of a previous case extends to subsequent litigation. Additionally, the letter constitutes opinion work product because it contains mental impressions, conclusions, opinions, and legal theories of defendants' retained counsel. Thus, the document enjoys almost absolute immunity

and can be discovered only in very rare and extraordinary circumstances. No such circumstances are present here. Accordingly, the court finds that the work product privilege applies and this document is not discoverable.

### B. March 10, 2003, Letter

Defendants assert the work product privilege in relation to a March 10, 2003, letter written by retained counsel. The letter contains the attorney's legal opinion and advice concerning certain aspects of the "time filing" provision, which is located within defendants' disability insurance policy, in relation to a specific pending case. The referenced case discussed in the letter is not the case before this court; however, as mentioned above, the work product privilege of a previous case extends to subsequent litigation. Further, opinion work product can only be discovered in rare and extraordinary circumstances, which do not exist here. As such, the court finds that this document is not discoverable.

### C. March 1, 2007, Letter

Defendants assert the work product privilege in relation to a March 1, 2007, letter authored by retained counsel. The letter specifically discusses a particular pending case against defendants and includes the attorney's legal analysis and opinion in relation to the "time filing" provision contained in defendants' disability insurance policy. Despite the fact that the case mentioned in the letter is not the case currently pending before this court,

the work product privilege of a previous case extends to subsequent litigation.  Moreover, this document constitutes opinion work product and no rare or extraordinary circumstances exist which would allow plaintiff to discover this document.  As a result, this document is not discoverable.

### D.     March 12, 2008, Email

Defendants assert the work product privilege in relation to a March 12, 2008, email written by Sarah Norberg, defendants' senior attorney.  The email provides an overview of defendants' administration of the "time filing" provision in their disability insurance policies.  The document specifically references language of the policy provision, the administration process of the policy provision, legal opinions and concerns about the policy provision, and discussion about recent litigation regarding the policy provision.  After reviewing the document, the court finds that the document was prepared in preparation of litigation and, as a result, the document is work product.  More specifically, the document contains both ordinary work product and opinion work product.  Under the circumstances of this case, the court finds that plaintiff is not entitled to discover the ordinary work product portion of the document because she has not shown a substantial need for the document and she can obtain the substantial equivalent of the document by other means.  Likewise, plaintiff is not entitled to discover the opinion work product portion of the document

because no rare and extraordinary circumstances exist that would allow her to do so. Therefore, this document is not discoverable.

## II. Plaintiff's Concern That Defendants Not Producing All Documents

Plaintiff asserts that although the court ordered defendants to produce all documents prepared in anticipation of litigation that any of defendants' employees used to help interpret the "time filing" clause of the policy for *in camera* review, defendants have not submitted all documents responsive to the court's order. Plaintiff supports this assertion by arguing that entries 349 and 351 in defendants' privilege log in this case, which reference the notice-prejudice rule in relation to the "time filing" provision in the Savage case, have not been produced. Plaintiff emphasizes that the Savage case involved the same "time filing" provision involved in this case, that defense counsel in Savage wrote a memo to defendants about the "time filing" clause of the policy, which included discussion of the notice-prejudice rule, and that such document has not been disclosed. Plaintiff argues that there is substantial need for the requested documents because they will demonstrate that as early as February 2003, defendants knew the routine denial of claims on the basis of late filing was not valid or permitted under the law. Accordingly, plaintiff requests that defendants provide privilege log entries 349 and 351 to the court for *in camera* review, along with any similar documents.

In its order granting plaintiff's fourth motion to compel production of documents, the court ordered defendants to produce for *in camera* review any legal opinions in their possession, custody, or control "which were prepared in anticipation of litigation and used by defendants' *employees* in interpreting the meaning of the insurance provisions 'You must contact us or your credit union about your Total Disability claim when you are eligible for benefits,' and 'unless you have been legally incapable of filing proof of Total Disability, we won't accept it if it is filed after one year from the time it should have been filed.'" Docket 246 at 12.  Based upon plaintiff's representations, the court finds that privilege log entries 349 and 351 fall within the purview of the court's previous order and, therefore, defendants should produce such documents for *in camera* review.  The description of these documents indicate that they are correspondence from retained counsel to defendants regarding the notice-prejudice rule, which is related to the "time filing" provision included in defendants' disability insurance policies.  With regard to any documents similar to privilege log entries 349 and 351, the court reiterates its previous order that defendants are to produce for *in camera* review any legal opinions prepared in anticipation of litigation and used by defendants' employees in interpreting the meaning of the aforementioned insurance provisions.  After defendants produce such documents for the court to review *in camera*, the court will determine

whether such documents are privileged and, if so, whether plaintiff is nonetheless entitled to discover the privileged documents.

Accordingly, it is hereby

ORDERED that the four documents defendants submitted for *in camera* review are not discoverable and, therefore, defendants are not required to produce such documents to plaintiff.

IT IS FURTHER ORDERED that defendants are to produce privilege log entries 349 and 351 and any similar documents to the court for *in camera* review by **December 22, 2008.**

Dated December 2, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE