UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell,<br><br>Plaintiff,<br><br>vs.<br><br>CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY,<br><br>Defendants. | CIV. 06-5061-KES<br><br>ORDER ON MOTIONS IN LIMINE |

The court reserved ruling on several motions in limine at the pretrial conference and indicated it would issue a written opinion in relation to those motions. Because the court's resolution of the first two motions in limine may impact other motions that the parties are briefing, the court issues this order now and will address the remainder of the motions in limine still pending at a later time.

**DISCUSSION**

In a diversity case, while the court applies federal procedural rules, it applies the substantive law of the state in which the district court sits. See Ashley County, Arkansas v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Here, the court will apply South Dakota substantive law.

I.      **Policy Definition of "Total Disability"**

Both plaintiff and defendants agree that interpretation of insurance policies is a question of law. See Sawyer v. Farm Bureau Mut. Ins. Co., 619 N.W.2d 644, 648 (S.D. 2000). Here, the policy defines "total disability" as follows:

> During the first 12 consecutive months of total disability, Total Disability means that you are not able to perform most of the duties of your occupation because of a medically determined sickness or accidental injury and are under the care and treatment of a physician. After the first 12 consecutive months of Total Disability, the definition changes and requires that you not be able to perform the duties of any occupation for which you are reasonably qualified by education, training or experience. You will be required to give us proof of your continuing Total Disability from time to time.

Pursuant to the definition of "total disability," the insurance policy has two different disability periods. During the first disability period, the insured receives benefits if the insured is not able to perform most of the duties of the insured's occupation. This is referred to as an "occupational disability" policy because it requires only that the insured be unable to perform the duties of his or her particular occupation in order to be considered "totally disabled." See Couch on Insurance § 146:3. This period of disability is not at issue because CUNA paid Powell benefits during this period. For the time following this twelve-month period, however, the definition of "total disability" changes and the insured receives benefits only if the insured is not able to perform the duties of any occupation for which the insured is

reasonably qualified by education, training, or experience. This is known as a "general disability" policy because disability is defined in terms of the inability of the insured to engage in any occupation. See id. The dispute, here, arises out of the interpretation of "total disability" during this second period of disability.

The South Dakota Supreme Court has determined that the rule of literal construction does not apply to total disability provisions of insurance policies. Instead, such provisions should be construed liberally. More specifically, the South Dakota Supreme Court has consistently held that a general disability policy should not be interpreted to require the insured to be absolutely helpless in order to receive insurance policy benefits. See Lauren v. Automobile Owners' Ass'n, 92 N.W.2d 659 (S.D. 1958); Robinson v. New York Life Ins. Co., 6 N.W.2d 162 (S.D. 1942); and Hale v. Metropolitan Life Ins. Co., 273 N.W. 657 (S.D. 1937).

For example, Hale involved a general disability policy, which stated that "[a]ny employee insured under this plan who shall become wholly and permanently disabled . . . either by accidental injury or disease, and is thereby permanently, continuously and wholly prevented from pursuing any and all gainful occupation, will be regarded as a claimant." 273 N.W. at 658. The South Dakota Supreme Court determined that total disability as defined in the policy did not mean "absolute helplessness or entire physical disability, but rather an inability to do substantially or practically all

3

material acts in the transaction of the insured's business in his customary and usual manner." Id. at 659. Consistent with this interpretation of "total disability," the court determined that the two efforts made by the insured to maintain himself—selling Fuller brushes and selling Sunday papers—did not preclude a finding that the insured was totally disabled. Id.

Similarly, the South Dakota Supreme Court found in Robinson that the insured under a general disability policy, which stated that if the insured became "so disabled by bodily injury or disease that he is wholly prevented from performing any work, following any occupation, or from engaging in any business for remuneration or profit," was entitled to disability benefits provided for under the policy. 6 N.W.2d at 163. The South Dakota Supreme Court determined that the trial court had properly instructed the jury that "total disability does not mean a condition or absolute helpfulness, rendering the insured unable to perform any work." Id. at 165. The trial court also properly instructed the jury that total disability meant a disability that rendered the insured "unable to perform the substantial and material acts of her occupation in the usual and customary way, or to follow any occupation or engage in any business for remuneration or profit, in the usual and customary way." Id. Finally, the trial court appropriately instructed the jury that "[a]bility to perform some of the duties of [the insured's] occupation, or of any other occupation or business for remuneration or profit, is not sufficient to defeat recovery on the policy." Id.

Also, Lauren, which is the most recent opinion specifically addressing this issue, involved a general disability provision, which stated that an insured would be entitled to benefits if an injury "wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to any business or occupation." 92 N.W.2d at 660. The South Dakota Supreme Court recognized that under total disability provisions, it had continuously rejected the rule of literal construction and instead applied the rule of liberal construction. Id. at 662. In accordance with its precedent, the South Dakota Supreme Court determined that disability under the policy meant a disability "that prevents the insured from performing all duties pertaining to any business or occupation." Id. The court further interpreted disability as used in the policy to mean an "inability to perform any work for compensation of financial value in the insured's regular business or any other pursuit for which he was qualified and which he would be reasonably contemplated to pursue." Id. at 663.

Like Hale, Robinson, and Lauren, the present case involves the issue of interpreting a general disability provision in an insurance policy and thus, the court finds that these cases are controlling South Dakota authority on this issue. The interpretation of a general disability provision in an insurance policy has remained consistent in South Dakota for over fifty years. None of these case have been overruled, limited, or modified in any way, but rather have been cited with approval and continue to be controlling

5

South Dakota authority. While the policy language in the present case may not be identical to the policy language in Hale, Robinson, and Lauren, there are no material differences that would mandate a different result.

Accordingly, based upon South Dakota precedent, the court finds that "total disability" as used in the general disability insurance provision does not mean absolute helplessness or entire physical disability rending the insured unable to perform any work, but rather means the insured is unable to perform the substantial and material acts of any occupation, which the insured is reasonably qualified by education, training, or experience, in the usual and customary way. Further, the ability of the insured to perform some of the duties of any occupation is not sufficient to preclude payments of benefits under the policy. As such, the court will instruct the jury as to this interpretation of "total disability" as required by South Dakota law. The parties may submit a proposed jury instruction on this matter consistent with the court's interpretation of "total disability" by **May 20, 2009.**

## II.  Powell's Income

Defendants argue that income is not a factor in determining an individual's "total disability" because the policy definition of "total disability" does not include reference to income. Defendants argue that disability insurance does not guarantee income levels, but instead insures against incapacitation from working. Further, defendants argue that if they had intended to include an economic qualifier in the definition of "total

6

disability," they would have done so because they did include such an economic qualifier in a separate provision regarding eligibility for disability insurance. Finally, defendants argue that there are no documents or testimony that demonstrate that income is a factor that they consider when analyzing whether an insured is totally disabled. Plaintiff argues that under South Dakota law, income is a factor that is to be considered when determining whether an insured is totally disabled. Plaintiff also argues that the fact that defendants' policy manual advises that a claims adjuster can request tax records and compare income from the year the disability began to the income from all the years in which benefits were paid illustrates that defendants do consider income when determining whether an individual is totally disabled.

In determining whether an insurer denied a claim in bad faith, the jury must consider the facts and the law available to the insurer at the time it made its decision to deny the claim. <u>Isaac v. State Farm Mut. Auto. Ins. Co.</u>, 522 N.W.2d 752, 758 (S.D. 1994). Therefore, the court must consider both the policy language and the liberal construction employed by the South Dakota Supreme Court when interpreting general disability insurance policies.

### A. Policy Language

Courts are to consider an insurance policy "according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending [its] operation." Culhane v. Western Nat'l Mut. Ins. Co., 704 N.W.2d 287 (S.D. 2005). Further, courts are to "consider the provisions as a whole." Id.

Here, the definition of "total disability" does not state that income is a factor to be considered in determining whether an insured is totally disabled. Further, there are no economic indicators that demonstrate that total disability is contingent on an individual finding a job that supplies some type of income. Accordingly, the policy language does not state that income is a factor to be considered.

### B. South Dakota Liberal Construction of Policy Language

When interpreting insurance policies and the plain language within them, "relevant terms and provisions are not to be construed in a vacuum and the terms must be read in conjunction with the insured's reasonable expectations, the public policy behind the provisions, and the intended coverage of those provisions." 2 Couch on Insurance, § 21:4. As the court discussed above, the South Dakota Supreme Court has interpreted the policy language of general total disability insurance provisions liberally. Thus, this court must determine whether the liberal construction of the policy language mandates that income is a factor to consider when

determining whether an individual is totally disabled. This court is unaware and the parties have not cited any controlling South Dakota case law that specifically deals with the issue of whether income can be considered in determining whether an insured is totally disabled even though the policy language does not contain any type of economic indicator in relation to an occupation.[1]

Some courts, while liberally construing the definition of total disability in the insurance policy, have determined that the income of the insured can be considered in determining whether the insured is totally disabled even though the policy language does not specifically use an economic indicator in conjunction with employment. See DeWitt v. State Farm Ins. Cos. Retirement Plan for United States Employees, 905 F.2d 798 (4th Cir. 1990) (indicating that the policy that defined "total disability" as an insured being completely unable to engage in any occupation or employment for which he was fitted by reason of education, training, or experience required the insured to be unable to obtain any fitting gainful employment) and North American Acc. Ins. Co. v. Branscum, 191 S.W.2d 597 (Ark. 1946) (considering the fact that the insured continued to draw salary, but the bulk

---

[1] Plaintiff cited to Hale to support her argument that income is a factor in determining disability under the policy. But defendants pointed out that in that case, the insurance policy stated "gainful occupation," thus referencing income in the actual policy. In this case, the policy does not include any reference to an economic indicator. Accordingly, the court finds that there is no South Dakota controlling authority addressing the particular issue raised in this case.

of his earnings were from commissions which were materially reduced because of his inability to perform the substantial and material acts of his occupation when the insurance policy definition of "total disability" did not specifically reference economic indicators).  For example, in <u>Genzer v. Ins. Co. of North America</u>, 633 P.2d 1267 (Okla. App. 1981), the Oklahoma Court of Appeals determined that even though the insurance policy did not specifically mention income as a factor to consider in the total disability determination, the trial court should have instructed the jury with regards to the insured's income under the liberal interpretation of "total disability."  In that case, the pertinent portion of the insurance policy stated that "total disability" meant the "inability of the individual to engage in any occupation or employment for which he is qualified or may reasonably become qualified by reason of his education, experience, or training."  <u>Id.</u> at 1269.  The court stated that because this was a general disability provision, it must construe the policy liberally in favor of the insured.  In so construing the policy, the court determined that the jury should have been instructed that in determining whether the insured was totally disabled, it should consider, among other things, the dignity, permanency, and amount of income which could be earned from the substituted or alternative occupation.  The court recognized that under this construction of the policy, the insured could sell pencils or newspapers on a street corner and still be considered totally

disabled under the policy. Id. at 1270. As such, income was considered despite the fact that it was not actually mentioned in the insurance policy.

Further, the North Dakota Supreme Court found that income is one factor to consider when determining whether an insured is totally disabled under a general disability insurance policy without specifically mentioning the policy language. In Ingalls v. Paul Revere Life Ins. Group, 561 N.W.2d 273, 281 (N.D. 1997), without mentioning the specific definition of "total disability" found in the insurance policy, the court determined that a jury may consider "the insured's occupation when the disabling event happened, his training in life, his present physical and mental condition, his age, prior work history and educational background, and all other facts presented by the evidence which may have a bearing on what work the insured could fit himself for in a reasonable time." The court also determined that "[i]ncome which could be derived from another occupation is an important consideration [and that] [t]he occupation must be remunerative in a fair and substantial sense, not merely nominally, and must provide compensation reasonably comparable with that earned in the insured's former occupation." Id. But the court explained that "[a] mere reduction in income will not qualify as totally disabled under the policy." Id. Because the court came to this conclusion without examining the policy language, it does not appear that the policy language referenced an economic indicator or the court would have mentioned such language.

Consistent with the above persuasive authority, in this case, although the policy definition of "total disability" does not specifically include an economic indicator, the court finds that, while liberally construing the definition of total disability as required by South Dakota law, income of the insured can be considered in determining whether the insured is totally disabled. Therefore, Powell's income is a factor that is to be considered when determining whether she was totally disabled.

Based on the foregoing, it is hereby

ORDERED that defendants' motion in limine regarding the definition of "total disability" is denied.

IT IS FURTHER ORDERED that defendants' motion in limine regarding Powell's income is denied.

Dated March 9, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE