UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) | PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT |
| Defendants. | ) | |

Defendants move for judgment on the pleadings or, in the alternative, for summary judgment. Plaintiff opposes the motion. The motion is denied.

**FACTUAL BACKGROUND**

The following facts are undisputed. On March 2, 2009, plaintiff and defendants met for a pretrial conference. During the pretrial conference, counsel for plaintiff represented to the court that all of the contractual benefits defendants owed plaintiff had been paid in full. Counsel for plaintiff additionally represented to the court that plaintiff could not claim any contractual damages because defendants had fulfilled their monetary obligations under the insurance contract and that as a result plaintiff had no contractual damages. Consequently, counsel for plaintiff moved to dismiss all

of the breach of contract claims alleged in this case and the court granted the motion. See Docket 312 and Docket 325.

Defendants now move for judgment on the pleadings or in the alternative for summary judgment contending that plaintiff cannot proceed on a bad faith claim in the absence of a breach of contract claim.

**DISCUSSION**

Under South Dakota law, "[i]n order to establish that an insurance company acted in bad faith in denying a claim, the insured must show an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis for denial." Phen v. Progressive Northern Ins. Co., 672 N.W.2d 52, 59 (S.D. 2003). See also SDPJI 30-20-20. In other words, in order to prove a claim of bad faith denial of an insurance claim, plaintiff must prove that defendants denied Powell's claim knowing that there was no reasonable basis for the denial, or that defendants acted with reckless disregard as to whether a reasonable basis existed for denial of the claim. Accordingly, a plaintiff may still pursue a bad faith cause of action notwithstanding the fact that the defendant subsequently paid benefits to the plaintiff because there is no requirement that a plaintiff's contract loss remain unpaid at the time of trial. In fact, the defendant's denial is the significant event that is to be considered and focused upon, not the defendant's subsequent actions.

Here, plaintiff alleges that defendants wrongfully denied Powell's benefits twice. First, plaintiff alleges that even though defendants initially denied benefits on the ground that Powell's claim was too late, they in fact knew that Powell's claim was not late or they recklessly disregarded the policy and South Dakota law, both of which established that Powell's claim was not late. Second, plaintiff alleges that when defendants denied Powell's claim for continued disability benefits after her first year of disability on the basis that she was capable of working at least 20 hours per week, they knew that this was not a reasonable basis for denying her claim or they recklessly disregarded the policy. See Docket 19. These allegations establish that plaintiff is contending that when defendants initially denied Powell benefits, they had no reasonable basis for doing so, they knew they did not have a reasonable basis or acted recklessly in determining whether they had a reasonable basis for doing so, and as a result of defendants' conduct, Powell suffered damage. These are the elements of a bad faith cause of action in South Dakota. As such, plaintiff's bad faith cause of action survives despite the fact that her breach of contract claim was dismissed.

Further, even if the fact that defendants eventually paid plaintiff her benefits somehow erases the allegation that defendants acted in bad faith when they initially denied her benefits, a bad faith cause of action still exists. Where an insurance company eventually pays a claim for benefits, the insurer can be liable under a bad faith claim for unreasonably delaying payment of a

claim without a reasonable basis for the delay if the insured suffered compensable loss as a result. McDowell v. Citicorp U.S.A., 734 N.W.2d 14, 19 (S.D. 2007). Other courts have reached similar conclusions, determining that a bad faith cause of action can exist if an insurance company caused an unfounded delay in making payment. See, e.g., McCoy v. Progressive West Ins. Co., 90 Cal. Rptr. 3d 74, 80 (App. Ct. 2009) (stating that "[b]efore an insurer can be found to have acted in bad faith for its delay or denial in the payment of policy benefits, it must be shown that the insurer acted unreasonably or *without proper cause*"); Deguchi v. Allstate Ins. Co., 2008 WL 1780271, at *12 (D. Haw. Apr. 9, 2008) (noting in relation to a bad faith claim, "[a]n unreasonable delay in payment of benefits will warrant recovery for compensatory damages"); 316, Inc. v. Maryland Cas. Co., 2008 WL 3926863, at *3 (N.D. Fla. Aug. 21, 2008) (determining that "[a]t the point in time when liability has become reasonably clear, failure to pay may subject the insurance company to a judgment in excess of the policy limits [and] [i]t is this delay in payment, without cause, that deprives the insured of the benefit of the bargain"); Smith v. Allstate Ins., 2007 WL 677992, at *5 (S.D. Tex. Feb. 27, 2007) (stating that a bad faith claim can be established "by showing (1) an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim"); and Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 519

4

(Ind. 1993) (finding that a bad faith claim can be based on "(1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim").

Therefore, in order to pursue a bad faith cause of action in South Dakota, a plaintiff is not required to prove that a defendant denied benefits but rather can prove that the defendant unreasonably delayed payment of benefits. Here, plaintiff alleges that defendants initially wrongfully denied Powell's benefits but then later paid them, thereby delaying payment under the insurance policy without a reasonable basis or with reckless disregard of the policy of law. Accordingly, the court finds that plaintiff's bad faith claim survives the dismissal of her breach of contract claim.

Based on the foregoing, it is hereby

ORDERED that defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment (Docket 311) is denied.

Dated May 4, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE