UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER ON DEFENDANTS' MOTION IN LIMINE #6 |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

The court reserved ruling on defendants' motion in limine #6 at the pretrial conference and indicated it would issue a written opinion in relation to that motion. The motion is granted in part and denied in part.

## DISCUSSION

Defendants argue that the records from other claims that CUNA[1] has handled are irrelevant to the issue in this case, namely, whether CUNA appropriately handled Powell's claim pursuant to the policy in question. Defendants also argue CUNA's acts, which are factually distinguishable from the instant case, may not serve as the basis for punitive damages.

---

[1] The court refers to defendants collectively as CUNA for purposes of this opinion.

Defendants further argue that evidence of other claim files should be excluded because their probative value is outweighed by the risk of confusing the issue, misleading the jury, and unduly delaying the trial. Plaintiff responds that evidence of other acts is admissible to show that defendants' misconduct in relation to Powell's claim was intentional and not the result of mistake or accident. Plaintiff emphasizes that this evidence shows defendants' intentional or reckless behavior, which is necessary to establish that defendants acted in bad faith. Plaintiff also contends that evidence of defendants' other acts is admissible because it is critical to her punitive damages claim.

Federal Rule of Evidence 404(b) "applies in both civil and criminal cases." See Huddleston v. United States, 485 U.S. 681, 685 (1988). While Rule 404(b) does contain a notice requirement specific to criminal cases, the official note to the 2006 amendments to Rule 404 explains that 404(b) also applies to civil cases: "Nothing in the amendment is intended to affect the scope of Rule 404(b). While Rule 404(b) refers to the 'accused,' the 'prosecution,' and a 'criminal case,' it does so only in the context of a notice requirement. The admissibility standards of Rule 404(b) remain fully applicable to both civil and criminal cases."

Rule 404(b) provides: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  The Eighth Circuit uses a four-part test to determine whether evidence of extrinsic acts is admissible.  Such evidence is admissible if (1) it is relevant to a material issue, (2) the extrinsic acts are similar in kind and reasonably close in time to the crime charged, (3) the evidence is sufficient to support a jury finding that the defendant committed the extrinsic acts, and (4) the potential prejudice of the evidence does not substantially outweigh its probative value.  See United States v. Turner, 104 F.3d 217, 222 (8th Cir. 1997) and United States v. Perkins, 94 F.3d 429, 434 (8th Cir. 1996).

"Rule 404(b) is one of inclusion because it admits evidence of other crimes, wrongs, or acts relevant to an issue in the trial, unless it tends only to prove criminal disposition."  United States v. Wagoner, 713 F.2d 1371, 1375 (8th Cir. 1983).  "The trial court is vested with broad discretion in determining whether to admit wrongful act evidence."  Id.  "This discretion will be disturbed and a case reversed only when the evidence in question clearly has no bearing upon any of the issues involved."  Id.

Before conducting its 404(b) analysis on other acts, the court must examine Teri Powell's factual situation so that it is able to compare other claims to Powell's claim.  In November 2001, Powell obtained credit

disability insurance from CUNA.  Docket 290-6.  When Powell submitted a claim for disability benefits, CUNA informed her that it was unable to consider the claim because it was filed outside the time frame specified within the certificate of insurance.  Docket 290-11.  Powell retained an attorney.  On March 8, 2006, her attorney wrote a letter to CUNA, stating that its denial of Powell's claim was improper because Powell timely filed her claim and even if she did not timely file her claim, such untimely filing did not prejudice CUNA.  Docket 290-13.  Under South Dakota law, "[i]f delayed notification has not prejudiced the insurer's ability to defend a claim, then there is no reason to strictly enforce the notice requirement."  Auto-Owners Ins. Co. v. Hansen Housing, Inc., 604 N.W.2d 504, 513 (S.D. 2000). Subsequently, on March 30, 2006, CUNA overturned its initial decision not to consider Powell's claim based on untimely filing.  Docket 290-58.  On April 4, 2006, CUNA then sent Powell a letter advising her that "[b]ased on additional information received, [it had] overturned [its] decision [and would] review [her] claim to determine if benefits are payable as if it had been timely filed."  Docket 290-15.  After considering her claim, CUNA paid benefits to Powell for the first 12 months of her disability, from May 16, 2002, until May 15, 2003, in the amount of $3,080.61.  Docket 186 at ¶ 10, ¶ 12.  CUNA discontinued Powell's benefits after 12 months because her file indicated that she was capable of returning or had returned to the same

4

type of work.  Id. at ¶ 13.  As such, CUNA determined that Powell was not "totally disabled" as defined in the insurance policy.  Id. at ¶ 14.

## A.     David Stultz - Pennsylvania

David Stultz obtained credit disability insurance from CUNA.  He submitted a claim to CUNA and CUNA informed him that it was unable to consider his claim because it was filed after the time frame specified within his certificate of insurance.  Docket 290-8.  Stultz retained an attorney.  On June 22, 2002, his attorney wrote a letter to CUNA, noting that the language of the time filing provision within the certificate of insurance did not support CUNA's denial of Stultz's claim.  Docket 290, Exhibit 10. Subsequently, on November 18, 2002, Stultz initiated a lawsuit against CUNA, alleging CUNA breached its contract and engaged in bad faith. Docket 290-17.  Under Pennsylvania law, "unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision."  Brakeman v. Potomac Ins. Co., 371 A.2d 193, 197 (Pa. 1977).  Almost a year later, on November 13, 2003,  Stultz settled the lawsuit with CUNA for $45,000.  Docket 290-18.

First, the information surrounding Stultz's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA

knew that it was improperly denying claims on the basis of its time filing provision. Second, Stultz's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Stultz's claim was initially denied on the basis of untimely filing. Additionally, like Powell, Stultz retained an attorney to assist him with obtaining benefits from CUNA. Similar to South Dakota, Pennsylvania has a law that prohibits insurance companies from denying claims solely on the basis of timeliness of a submitted claim; the insurance company must have suffered some prejudice before being able to justify a denial on untimely notification of a claim. Further, the Stultz claim was reasonably close in time, occurring approximately four years prior to Powell's claim. See United States v. Wint, 974 F.2d 961, 967 (8th Cir. 1992) (five years is acceptable); United States v. Burkett, 821 F.2d 1306, 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the denial letter from CUNA to Stultz, the letter from Stultz's attorney to CUNA, Stultz's complaint, and the parties' settlement constitute sufficient evidence to support a jury determination that CUNA committed this prior act. But as to the fourth requirement, the court finds that the evidence is more prejudicial than probative. CUNA settled Stultz's claim for reasons unknown to the court. For the court to find that CUNA settled Stultz's claim based solely on issues regarding the time filing provision within the insurance policy is speculative at best. Parties take into account

6

a variety of considerations when determining whether to settle a lawsuit. Therefore, the court finds that Stultz's claim is inadmissible under Rule 404(b) because it is more prejudicial than probative.

### B. Catherine Savage - Arizona

Catherine Savage obtained credit disability insurance from CUNA. Savage submitted a claim to CUNA but CUNA denied her claim. CUNA's denial of Savage's claim was based in part on the fact that she untimely filed her claim. In response to CUNA's denial, Savage hired an attorney. On March 25, 2003, her attorney wrote a letter to CUNA, noting that neither the insurance policy nor the certificate of insurance stated what CUNA stated in its denial letter. Docket 290-19. Subsequently, Savage commenced a lawsuit against CUNA. Docket 290-21. Under Arizona law, failure of an insured to give notice within the time required by an insurance policy does not itself relieve an insurer from liability, unless the insurer was prejudiced by such failure. Massachusetts Bonding & Ins. Co. v. Arizona Concrete Co., 56 P.2d 188, 192 (Ariz. 1936). On April 22, 2003, the parties settled the claim for $50,000. Docket 290-21 and Docket 290-28.

Again, the information relating to Savage's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Additionally, Savage's claim was similar in kind and close in time

7

to Powell's claim.  Savage's claim was initially denied on the basis of untimely filing, like Powell's claim.  Further, like Powell, Savage retained an attorney to assist her in pursuing benefits from CUNA after its initial denial of her claim.  Like South Dakota law, under Arizona law, an insurance company is liable even if the insured does not timely file his claim, unless the insurance company is prejudiced.  The Savage claim was also reasonably close in time, occurring approximately three years prior to Powell's claim.  See Wint, 974 F.2d at 967 (five years is acceptable); United States v. Burkett, 821 F.2d at 1309-10 (seven years is acceptable).

Moreover, the letter from Savage's attorney to CUNA and the parties' settlement constitute sufficient evidence to support a jury determination that CUNA committed this prior act.  Notwithstanding this, the court finds that the evidence is more prejudicial than probative.  Like Stultz, CUNA settled Savage's claim for reasons unknown to the court.  For the court to find that CUNA settled Savage's claim solely because of the time filing provision is conjecture.  As noted above, parties take into account a variety of considerations when determining whether to settle a lawsuit.  Therefore, the court finds that Savage's claim is also inadmissible under Rule 404(b) because it is more prejudicial than probative.

## C.    Ted Wierzbicki - West Virginia

Ted Wierzbicki obtained credit disability insurance from CUNA.  He submitted a claim to CUNA and CUNA denied his claim because he did not timely file his claim.  Consequently, Wierzbicki retained an attorney.  On March 28, 2003, his attorney wrote a letter to CUNA, stating that CUNA's denial of Wierzbicki's claim was not justified by the language contained within the certificate of insurance.  Docket 290-29.  Under West Virginia law, if the insured's delay in notifying the insurer does not prejudice the insurer, then the insured's claim is not barred by the insured's failure to timely notify.  See Colonial Ins. Co. v. Barrett, 542 S.E.2d 869, 875 (W. Va. 2000).  CUNA reconsidered Wierzbicki's claim and overturned its initial decision on April 10, 2003.  Docket 290-30.  Subsequently, on May 15, 2003, CUNA sent a letter to Wierzbicki explaining that "[u]pon review of additional information received [it had] overturned the denial [and would] continue with the normal review process for possible benefits according to the remaining terms of [his] Credit Disability Insurance Certificate."  Docket 290-31.

First, the circumstances related to Wierzbicki's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision.  Second, Wierzbicki's claim was similar in kind and close in time

to Powell's claim. Like Powell's claim, Wierzbicki's claim was initially denied on the basis of untimely filing. Additionally, like Powell, Wierzbicki retained an attorney to assist him with obtaining benefits from CUNA. Also, like Powell, Wierzbicki received a letter from CUNA that explained that upon review of additional information, it overturned its initial denial. Similar to South Dakota law, the law in West Virginia states that an insurance company must be prejudiced by an insured's late filing of a claim in order to be relieved from liability under the policy. Further, the Wierzbicki claim was reasonably close in time, occurring approximately three years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter from Wierzbicki's attorney to CUNA, CUNA's appeal summary form, and CUNA's letter to Wierzbicki constitute sufficient evidence to support a jury determination that CUNA committed this prior act. Fourth, the court finds that the evidence is more probative than prejudicial. Significantly, the Wierzbicki claim demonstrates that CUNA overturned a denial based upon untimely filing almost three years before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Wierzbicki's claim by giving an appropriate limiting

10

instruction in its final jury instructions if requested by CUNA.  Accordingly,

the court finds that evidence regarding Wierzbicki's claim is admissible

under Rule 404(b).[2]

### D.    Richard Thornton - Mississippi

Richard Thornton obtained credit disability insurance from CUNA.  He

submitted a claim to CUNA and CUNA denied his claim because he did not

timely file his claim.  As a result, Thornton contacted the Mississippi

Department of Insurance.  On June 25, 2003, the Mississippi Department of

Insurance called CUNA and informed CUNA that its certificate language

regarding when an insured was supposed to file a claim was confusing.

Docket 290-32.  On that same day, as a follow-up to the telephone

conversation, the Mississippi Department of Insurance faxed CUNA three

questions about the time filing provision located within its insurance policy.

Docket 290-33.  Under Mississippi law, "where an insurance policy requires

notice as a condition precedent to coverage, coverage may still be allowed

unless the insurer suffered prejudice due to delay."  Jackson v. State Farm

Mut. Auto. Ins. Co., 880 So. 2d 336, 341 (Miss. 2004).  Later, on July 7,

2003, CUNA sent a letter to Thornton explaining that "[b]ased on

subsequent information received, [it] overturned its decision [and had]

---

[2] As for any foundational objections or similar objections to such
evidence, counsel is advised to raise such arguments at trial.

reviewed the claim for benefits based on the remaining terms of the Credit Disability Insurance Certificate." Docket 290-34  CUNA informed Thornton that benefits would be extended to him for the period of December 13, 2001, through April 3, 2002.  Docket 290-34.

The events regarding Thornton's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Thornton's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Thornton's claim was initially denied on the basis of untimely filing.  In addition, like Powell, Thornton sought help from someone with knowledge of insurance law to dispute CUNA's denial of his claim.  Importantly, like Powell, Thornton received a letter from CUNA that explained that upon review of additional information, it overturned its initial denial.  Similar to South Dakota, under Mississippi law, to justify denial of a claim based on late filing, an insurance company must be prejudiced by the insured's late filing of the claim.  Further, the Thornton claim was reasonably close in time, occurring less than three years prior to Powell's claim.  See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the notations made by CUNA's staff in relation to the Mississippi Department of Insurance telephone inquiry, the fax CUNA

received from the Mississippi Department of Insurance, and CUNA's letter to Thornton constitute sufficient evidence to support a jury determination that CUNA committed this prior act. Fourth, the court finds that the evidence is more probative than prejudicial. Significantly, the Thornton claim demonstrates that CUNA overturned a denial based upon untimely filing less than three years before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Thornton's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Thornton's claim is admissible under Rule 404(b).[3]

### E.      Louise Vigil - California

Louise Vigil obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied her claim because she did not timely disclose her disability. As a result, on July 7, 2003, the California Department of Insurance wrote a letter to CUNA, noting that "late reporting" by itself did not constitute grounds for denying payment on an otherwise valid claim for benefits. Docket 290-35. Under California law, "[a]n insured's failure to comply with the notice or claims provision in an

---

[3] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

13

insurance policy will not excuse the insurer's obligations under the policy unless the insurer proves it was substantially prejudiced by the late notice." Safeco Ins. Co. of America v. Parks, 88 Cal. Rptr. 3d 730, 740 (Ct. App. 2009). On July 17, 2003, in response to this letter, CUNA sent a letter to Vigil stating that "[a]fter review of additional information submitted, [it had] overturned [its] decision." Docket 290-36. CUNA further explained that it would waive the 12-month filing period and would "continue with the normal claims review process for possible benefits according to the remaining terms of the Credit Disability Insurance certificate." Docket 290-36.

Vigil's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Vigil's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Vigil's claim was initially denied on the basis of untimely filing. In addition, like Powell, Vigil sought help from someone with knowledge of insurance law to dispute CUNA's denial of her claim. Importantly, like Powell, Vigil received a letter from CUNA that explained that upon review of additional information, it overturned its initial denial. Similar to South Dakota law, under California law, the insurer cannot deny coverage solely because the insured untimely filed a claim, unless the insurer is prejudiced. Further, the Vigil claim was

reasonably close in time, occurring less than three years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Moreover, the letter sent to CUNA by the California Department of Insurance and CUNA's letter to Vigil constitute sufficient evidence to support a jury determination that CUNA committed this prior act. The court also finds that the evidence is more probative than prejudicial. Significantly, the Vigil claim demonstrates that CUNA overturned a denial based upon untimely filing less than three years before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Vigil's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Vigil's claim is admissible under Rule 404(b).[4]

**F.    Rosa Holliday - Louisiana**

Rosa Holliday obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied her claim because she did not timely file her claim. Consequently, Holliday retained an attorney. On July 17, 2003, her attorney wrote a letter to CUNA seeking an explanation as to why

_____

[4] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

Holliday's claim was denied. Docket 290-38. Under Louisiana law, an insurer must prove actual prejudice to deny a claim on the basis of not receiving notice within the time limit specified in the policy. Deville v. Life Ins. Co. of Virginia, 560 So. 2d 690, 693 (La. App. 1990) Almost two months after receiving the letter, on September 13, 2003, CUNA reconsidered Holliday's claim and decided to process her claim. Docket 290-40.

First, Holliday's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Second, Holliday's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Holliday's claim was initially denied on the basis of untimely filing. In addition, like Powell, Holliday retained an attorney to dispute CUNA's denial of her claim. Also, as in the Powell case, CUNA overturned its initial denial and processed Holliday's claim. Similar to South Dakota law, Louisiana law provides that an insurer cannot deny benefits based upon an insured's untimely filing, unless the insurer experienced prejudice. Further, the Holliday claim was reasonably close in time, occurring less than three years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Moreover, the letter sent to CUNA by Holliday's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. The court also finds that the evidence is more probative than prejudicial. Significantly, the Holliday claim demonstrates that CUNA overturned a denial based upon untimely filing less than three years before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Holliday's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Holliday's claim is admissible under Rule 404(b).[5]

### G.     Erasmo Santos - Texas

Erasmo Santos obtained credit disability insurance from CUNA. He submitted a claim and CUNA denied it because he untimely filed his claim. Santos retained an attorney. On December 29, 2003, his attorney wrote a letter to CUNA, arguing that Santos had filed his claim in a timely manner. Docket 290-41. Under Texas law, "an insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay." PAJ, Inc. v. Hanover Ins. Co., 243 S.W.3d 630,

---

[5] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

636-37 (Tex. 2008). Subsequently, on January 8, 2004, CUNA reconsidered his claim, overturned its decision, and processed his claim. Docket 290-42.

Santos's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Further, Santos's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Santos's claim was initially denied on the basis of untimely filing. In addition, like Powell, Santos retained an attorney to dispute CUNA's denial of his claim. Also, as in the Powell case, CUNA overturned its initial denial and processed Santos's claim. Similar to South Dakota law, under Texas law, an insurer cannot deny benefits based upon an insured's untimely filing, unless the insurer is prejudiced by the untimely filing. Further, the Santos claim was reasonably close in time, occurring slightly over two years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Additionally, the letter sent to CUNA by Santos's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. The court also finds that the evidence is more probative than prejudicial. Significantly, the Santos claim demonstrates that CUNA overturned a denial based upon

18

untimely filing slightly over two years before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Santos's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Santos's claim is admissible under Rule 404(b).[6]

### H. Nancy Stensven - Wisconsin

Nancy Stensven obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied it because she untimely filed her claim. Stensven contacted the Co-op Credit Union. On February 10, 2004, the Co-op Credit Union wrote a letter to CUNA, explaining that it thought there was conflicting language in the time filing provision located within the insurance policy. Docket 290-43. Under Wisconsin law, an insurer must be prejudiced in some fashion before untimely notice of a claim will automatically result in loss of coverage. Fireman's Fund Ins. Co. of Wisconsin v. Bradley Corp., 660 N.W.2d 666, 682-83 (Wis. 2003). Subsequently, on March 3, 2004, CUNA reconsidered her claim and overturned its initial decision. Docket 290-44.

---

[6] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

First, the events regarding Stensven's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Second, Stensven's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Stensven's claim was initially denied on the basis of untimely filing. In addition, like Powell, Stensven sought help from someone with knowledge of insurance law to dispute CUNA's denial of her claim. Also, as in the Powell case, CUNA overturned its initial denial and processed her claim. Similar to South Dakota, under Wisconsin law, an insurance company must be prejudiced by the insured's late filing of the claim in order for the insurer to justifiably deny a claim based on late filing. Further, the Stensven claim was reasonably close in time, occurring approximately two years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by Stensven's credit union and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. Fourth, the court finds that the evidence is more probative than prejudicial. Significantly, the Stensven claim demonstrates that CUNA overturned a denial based upon untimely filing approximately two years before it acted in the same manner

with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Stensven's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Stensven's claim is admissible under Rule 404(b).[7]

### I. Deborah McCloud - Alabama

Deborah McCloud obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied it because she untimely filed her claim. McCloud retained an attorney to assist her in seeking benefits from CUNA. On February 20, 2004, her attorney wrote a letter to CUNA, opining that under the language of the insurance policy, McCloud had timely filed her claim. Docket 290-45. Alabama courts have recognized that "Alabama law holding that a primary insurer need not demonstrate prejudice in order to use untimely notice as a bar to coverage - the 'no prejudice rule' - is the minority position." Midwest Employers Cas. Co. v. East Alabama Health Care, 695 So. 2d 1169, 1172 (Ala. 1997). Nevertheless, on February 24, 2004, CUNA overturned its initial decision and processed her claim. Docket 290-46.

---

[7] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

First, the events surrounding McCloud's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Second, McCloud's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, McCloud's claim was initially denied on the basis of untimely filing. In addition, like Powell, McCloud retained an attorney to assist her in disputing CUNA's denial of her claim. Also, as in the Powell case, CUNA overturned its initial denial in an appeal process. Further, the McCloud claim was reasonably close in time, occurring approximately two years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by McCloud's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. But as to the fourth requirement, the court finds that the evidence is more prejudicial than probative. Importantly, Alabama law is different from South Dakota law in this respect. South Dakota law prohibits an insurer from denying a claim because it was untimely filed unless the insurer has been prejudiced by such late filing, whereas Alabama law allows an insurer to deny a claim if it is filed late even if the insurer is not prejudiced by the late filing. Because

this presents a significant difference in the law that is being applied in to the McCloud claim and the Powell claim, admission of the McCloud claim during the Powell trial would unfairly prejudice defendants. Accordingly, the court finds that evidence of McCloud's claim is inadmissible under Rule 404(b).

### J.     Olivia Canales - Colorado

Olivia Canales obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied it because she untimely filed her claim. Canales retained an attorney. On March 1, 2004, her attorney wrote a letter to CUNA, arguing that CUNA's analysis of Canales' claim based on the time filing provision located within the insurance policy was incorrect. Docket 290-47. Under Colorado law, if an insured's claim is filed untimely, "an insurer may only deny benefits if it can prove by a preponderance of the evidence that it was prejudiced by the delay." Clementi v. Nationwide Mut. Fire Ins. Co., 16 P.3d 223, 232 (Co. 2001). On March 8, 2004, CUNA overturned its initial decision. Docket 290-48.

Canales' claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Further, Canales' claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Canales' claim was initially denied on the basis of untimely filing. In

addition, like Powell, Canales retained an attorney to dispute CUNA's denial of her claim. Also, as in the Powell case, CUNA overturned its initial denial of Canales' claim. Similar to South Dakota law, under Colorado law, an insurer can only deny benefits based upon an insured's untimely filing if the insurer is prejudiced by the untimely filing. Further, the Canales claim was reasonably close in time, occurring approximately two years prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Additionally, the letter sent to CUNA by Canales' attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. The court also finds that the evidence is more probative than prejudicial. Significantly, the Canales claim demonstrates that CUNA overturned a denial based upon untimely filing approximately two years before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Canales' claim by giving an appropriate limiting instruction in its final jury

instructions if requested by CUNA.  Accordingly, the court finds that evidence of Canales' claim is admissible under Rule 404(b).[8]

### K.     Timothy Pickreign - New York

Timothy Pickreign obtained credit disability insurance from CUNA. After receiving some benefits under his CUNA policy, he submitted a claim for additional total disability benefits.  CUNA denied his claim because he failed to provide additional medical documentation that it had requested. Pickreign contacted ACMG Federal Credit Union.  On March 15, 2004, ACMG Federal Credit Union wrote CUNA a letter, noting that with regards to a continuing claim for disability, the certificate of insurance did not explicitly require Pickreign to submit proof of continued disability within one year from the date the information was last requested.  Docket 290-49.  On March 18, 2004, CUNA overturned its initial decision.  Docket 290-50.

The events surrounding Pickreign's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision.  But while Pickreign's claim may be close in time to Powell's claim, occurring within weeks after Powell's claim, it is not sufficiently similar in kind to Powell's claim.  See Wint, 974 F.2d at 967 (8th Cir. 1992)

---

[8] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

(five years is acceptable); <u>Burkett</u>, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable). Unlike Powell's claim, which was initially denied because CUNA found that she untimely filed her claim for disability benefits, Pickreign's claim was denied after he received benefits for a time period because CUNA found that he failed to timely submit information to CUNA about his continuing disability. Further, even after Powell did receive benefits, CUNA terminated the benefits because it found that Powell was not disabled as defined in the insurance policy, not because she did not submit additional information within a specified time period. Therefore, Powell's claim and Pickreign's claim are fundamentally different because Powell and Pickreign submitted different requests to CUNA at different stages of the insurance claim process.

Even if Pickreign's claim were to satisfy the first three factors of the 404(b) analysis–relevant, sufficiently similar in kind and reasonably close in time, and supported by sufficient evidence–the admission of Pickreign's claim would be more prejudicial than probative. Powell's situation is distinguishable from Pickreign's situation because Powell was seeking benefits for the first time when she filed her claim, whereas Pickreign was seeking additional benefits when he filed his claim. As such, admission of evidence of the Pickreign claim during the Powell trial would unfairly

prejudice CUNA.  Accordingly, the court finds that evidence of Pickreign's claim is inadmissible under Rule 404(b).

### L.     Creola White - Indiana

Creola White obtained credit disability insurance from CUNA.  She submitted a claim and CUNA denied it because she untimely filed her claim. White retained an attorney to assist her in seeking benefits.  On August 6, 2004, her attorney wrote a letter to CUNA, opining that CUNA's denial of White's benefits based upon the fact that she did not timely file her claim was not supported by the language in the insurance policy.  Docket 290-51. Under Indiana law, "[w]here prejudice is created by the insured's noncompliance with the policy's provisions, the insurance company is relieved of its liability under the policy."  Miller v. Dilts, 463 N.E.2d 257, 261 (Ind. 1984).  On August 29, 2004, CUNA overturned its initial decision. Docket 290-52.

First, White's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision.  Second, White's claim was similar in kind and close in time to Powell's claim.  Like Powell's claim, White's claim was initially denied on the basis of untimely filing.  In addition, like Powell, White retained an attorney to dispute CUNA's denial of

her claim. Also, as in the Powell case, CUNA overturned its initial denial of

White's claim. Similar to South Dakota law, under Indiana law, an

insurer cannot deny benefits based on an insured's untimely filing unless

the insurer was prejudiced by the untimely filing. Further, the White claim

was reasonably close in time, occurring less than two years prior to Powell's

claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable);

Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by White's attorney and CUNA's appeal

summary form constitute sufficient evidence to support a jury

determination that CUNA committed this prior act. The court also finds

that the evidence is more probative than prejudicial. Significantly, the

White claim demonstrates that CUNA overturned a denial based upon

untimely filing less than two years before it acted in the same manner with

regards to Powell. This evidences a pattern of behavior on the part of CUNA.

Further, the court will limit the potential prejudicial effect of White's claim

by giving an appropriate limiting instruction in its final jury instructions if

requested by CUNA. Accordingly, the court finds that evidence of White's

claim is admissible under Rule 404(b).[9]

---

[9] As for any foundational objections or similar objections to such
evidence, counsel is advised to raise such arguments at trial.

**M.     Harriet Ada Ryan - Ohio**

Harriet Ada Ryan obtained credit disability insurance from CUNA.
She submitted a claim and CUNA denied it because she untimely filed her
claim.  Ryan retained an attorney to help her dispute CUNA's denial of her
claim.  On November 2, 2005, her attorney wrote a letter to CUNA, opining
that CUNA's application of the time filing provision to Ryan's case was
improper.  Docket 290-54.  Under Ohio law, "late notice relieves the insurer
of its obligations under the policy only if the insurer demonstrates prejudice
as a result of the delay."  <u>West American Ins. Co. v. Hardin</u>, 571 N.E.2d 449,
452 (Ohio App. 1989).  On November 10, 2005, CUNA overturned its initial
decision, paid the benefits, and made a notation to evaluate the claim
regularly.  Docket 290-55.

The events surrounding Ryan's claim are relevant to the material
issues of CUNA's intent and knowledge, that is whether CUNA knew that it
was improperly denying claims on the basis of its time filing provision.
Second, Ryan's claim was similar in kind and close in time to Powell's claim.
Like Powell's claim, Ryan's claim was initially denied on the basis of
untimely filing.  In addition, like Powell, Ryan retained an attorney to
dispute CUNA's denial of her claim.  Also, as in the Powell case, CUNA
overturned its initial denial of Ryan's claim.  Similar to South Dakota law,
under Ohio law, the insurer can only deny benefits based on an insured's

untimely filing if the insurer was prejudiced by the untimely filing. Moreover, the Ryan claim was reasonably close in time, occurring slightly over one year prior to Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Further, the letter sent to CUNA by Ryan's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. The court also finds that the evidence is more probative than prejudicial. Significantly, the Ryan claim demonstrates that CUNA overturned a denial based upon untimely filing just over one year before it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Ryan's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Ryan's claim is admissible under Rule 404(b).[10]

### N.    Marceline Tarrant - Alabama

Marceline Tarrant obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied it because she untimely filed her

---

[10] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

claim.  Tarrant retained an attorney to assist her in seeking benefits under her CUNA policy.  On December 7, 2005, her attorney wrote a letter to CUNA, opining that the insurance policy time filing provision did not support its denial of Tarrant's benefits.  Docket 290-57.  As mentioned above, in relation to the Tarrant claim, under Alabama law, a primary insurer does not need to demonstrate prejudice in order to deny a claim based on the untimely filing of that claim.  <u>Midwest Employers Cas. Co. v. East Alabama Health Care</u>, 695 So. 2d 1169, 1172 (Ala. 1997).  On February 2, 2006, CUNA overturned its initial decision.  Docket 290-56.

First, the events surrounding Tarrant's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision.  Second, Tarrant's claim was similar in kind and close in time to Powell's claim.  Like Powell's claim, Tarrant's claim was initially denied on the basis of untimely filing.  In addition, like Powell, Tarrant retained an attorney to assist her in disputing CUNA's denial of her claim.  Also, as in the Powell case, CUNA overturned its initial denial in an appeal process.  Further, the Tarrant claim was reasonably close in time, occurring approximately two years prior to Powell's claim.  <u>See</u> <u>Wint</u>, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); <u>Burkett</u>, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by Tarrant's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. But as to the fourth requirement, the court finds that the evidence is more prejudicial than probative. Importantly, Alabama law is different from South Dakota law in this respect. South Dakota law prohibits an insurer from denying a claim because it was untimely filed unless the insurer has been prejudiced by such late filing, whereas Alabama law allows an insurer to deny a claim if it is filed late even if the insurer is not prejudiced by the late filing. Because this presents a significant difference in the law that is being applied in to the Tarrant claim and the Powell claim, admission of evidence of the Tarrant claim during the Powell trial would unfairly prejudice CUNA. Accordingly, the court finds that Tarrant's claim is inadmissible under Rule 404(b).

**O.    Judith Becker - Missouri**

Judith Becker obtained credit disability insurance from CUNA. She submitted a claim and benefits were provided to her for a certain period of time. On May 1, 2006, CUNA notified Becker that it was unable to consider her claim for additional benefits because she provided CUNA new information after the required time frame specified within the certificate of insurance. Docket 319-40 at 2. After receiving a letter from an attorney,

who was retained by Becker, CUNA overturned its initial decision based on the advice of counsel on July 25, 2006.  Docket 290-60.

The events surrounding Becker's claim are relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision.  But while Becker's claim may be close in time to Powell's claim, occurring approximately two months after Powell's claim, it is not sufficiently similar in kind to Powell's claim.  <u>See</u> <u>Wint</u>, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); <u>Burkett</u>, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).  Unlike Powell's claim, which was initially denied because CUNA found that she untimely filed her claim for disability benefits, Becker's claim was denied after she received benefits for a time period because CUNA found that she failed to timely submit information to CUNA about her continuing disability.  Further, even after Powell did receive benefits, CUNA terminated the benefits because it found that Powell was not disabled as defined in the insurance policy, not because she did not submit additional information within a specified time period.  Therefore, Powell's claim and Becker's claim are fundamentally different because Powell and Becker submitted different requests to CUNA at different stages of the insurance claim process.

Even if Becker's claim were to satisfy the first three factors of the 404(b) analysis–relevant, sufficiently similar in kind and reasonably close in time, and supported by sufficient evidence–the admission of Becker's claim would be more prejudicial than probative. Powell's situation is distinguishable from Becker's situation because Powell was seeking benefits for the first time when she filed her claim, whereas Becker was seeking additional benefits when she filed her claim. As such, admission of evidence of the Becker claim during the Powell trial would unfairly prejudice CUNA. Accordingly, the court finds that Becker's claim is inadmissible under Rule 404(b).

## P. Carol Chappel - Washington

Carol Chappel obtained credit disability insurance from CUNA. She submitted a claim and CUNA denied it, in part, based on the fact that she untimely filed her claim. Chappel contacted the University Legal Assistance office to assist her in seeking benefits from CUNA. On June 27, 2007, the University Legal Assistance office wrote a letter to CUNA, opining that denial of Chappel's claim based on the time filing provision was unreasonable. Docket 290-61. Under Washington law, "an insurer must perform under the insurance contract even where an insured breaches the timely notice provision of the contract unless the insurer can show actual and substantial prejudice due to the late notice." Mutual of Enumclaw Ins. Co. v. USF Ins.

Co., 191 P.3d 866, 871 (Wash. 2008). On July 12, 2007, CUNA overturned its initial denial. Docket 319-45 at 1.

First, Chappel's claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Second, Chappel's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Chappel's claim was initially denied on the basis of untimely filing. In addition, like Powell, Chappel contacted a resource who was knowledgeable about insurance law to dispute CUNA's denial of her claim. Also, as in the Powell case, CUNA overturned its initial denial of Chappel's claim. Similar to South Dakota law, under Washington law, the insurer cannot deny benefits based on an insured's untimely filing unless the insurer was prejudiced by the untimely filing. Moreover, the Chappel claim was reasonably close in time, occurring just over one year after Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by Chappel's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. Fourth, the court also finds that the evidence is more probative than prejudicial. Significantly, the Chappel claim demonstrates that CUNA overturned a denial based upon

35

untimely filing slightly over one year after it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Chappel's claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Chappel's claim is admissible under Rule 404(b).[11]

### Q. Paul Podvasnik - Pennsylvania

Paul Podvasnik obtained credit disability insurance from CUNA. He submitted a claim and CUNA denied it because he untimely filed his claim. Docket 319-15 at 7. Podvasnik retained an attorney to assist him in seeking benefits from CUNA. On July 18, 2007, his attorney wrote a letter to CUNA, opining that the time filing provision did not support CUNA's denial of Podvasnik's claim. Docket 290-62. As noted above, in relation to the Stultz claim, for an insurance carrier to deny a claim based upon late notice, the carrier must demonstrate prejudice. On July 30, 2007, CUNA overturned its initial decision and determined that Podvasnik's notice was timely. Docket 290-63.

First, the events surrounding Podvasnik's claim are relevant to the

---

[11] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Second, Podvasnik's claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Podvasnik's claim was initially denied on the basis of untimely filing. In addition, like Powell, Podvasnik retained an attorney to assist him in disputing CUNA's denial of his claim. Also, as in the Powell case, CUNA overturned its initial denial in an appeal process. Similar to South Dakota, Pennsylvania has a law that prohibits an insurance company from denying claims solely on the basis of timeliness of the submitted claim unless the insurance company is prejudiced. Further, the Podvasnik claim was reasonably close in time, occurring approximately one and a half years after Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by Podvasnik's attorney and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. Fourth, the court finds that the evidence is more probative than prejudicial. Significantly, the Podvasnik claim demonstrates that CUNA overturned a denial based upon untimely filing almost one and a half years after it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the

part of CUNA. Further, the court will limit the prejudicial effect of Podvasnik's claim by giving an appropriate limiting instruction if requested by CUNA. Accordingly, the court finds that evidence of Podvasnik's claim is admissible under Rule 404(b).[12]

### R.        David Atkins - South Dakota

David Atkins obtained credit disability insurance from CUNA. He submitted a claim and CUNA denied it because he untimely filed his claim. On June 29, 2007, Atkins personally wrote a letter to CUNA, appealing its denial of his benefits. Docket 290-64. After receiving Atkins' letter, CUNA overturned its initial decision on July 2, 2007. Docket 290-65.

First, Atkins' claim is relevant to the material issues of CUNA's intent and knowledge, that is whether CUNA knew that it was improperly denying claims on the basis of its time filing provision. Second, Atkins' claim was similar in kind and close in time to Powell's claim. Like Powell's claim, Atkins' claim was initially denied on the basis of untimely filing. In addition, like Powell, Atkins wrote CUNA a letter, asking it to reconsider its denial of his claim. Also, as in the Powell case, CUNA overturned its initial denial of Atkins' claim. Under South Dakota law, the insurer cannot deny benefits based on an insured's untimely filing unless the insurer was

---

[12] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

prejudiced by the untimely filing. Moreover, the Atkins claim was reasonably close in time, occurring just over one year after Powell's claim. See Wint, 974 F.2d at 967 (8th Cir. 1992) (five years is acceptable); Burkett, 821 F.2d at 1309-10 (8th Cir. 1987) (seven years is acceptable).

Third, the letter sent to CUNA by Atkins and CUNA's appeal summary form constitute sufficient evidence to support a jury determination that CUNA committed this prior act. Fourth, the court also finds that the evidence is more probative than prejudicial. Significantly, the Atkins claim demonstrates that CUNA overturned a denial based upon untimely filing slightly over one year after it acted in the same manner with regards to Powell. This evidences a pattern of behavior on the part of CUNA. Further, the court will limit the potential prejudicial effect of Atkins' claim by giving an appropriate limiting instruction in its final jury instructions if requested by CUNA. Accordingly, the court finds that evidence of Atkins' claim is admissible under Rule 404(b).[13]

Based upon the foregoing, it is hereby

---

[13] As for any foundational objections or similar objections to such evidence, counsel is advised to raise such arguments at trial.

ORDERED that defendants' motion in limine #6 is granted in part and denied in part.

Dated May 22, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
CHIEF JUDGE