UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER ON WAIVER OF PRIVILEGES |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff moves the court for an order requiring defendants to produce certain attorney-client and work product documents. Defendants oppose plaintiff's motion. The motion is denied.

## DISCUSSION

Plaintiff argues that defendants have waived privilege as to seven specific subject matters because defendants intend to use attorney-client and work product documents as a sword while simultaneously invoking the privileges as a shield. Plaintiff cites portions of deposition testimony, alleging that such testimony establishes voluntary disclosure of selected portions of privileged information, failure to object to questions that involve attorney-client privilege, and assertion of advice of counsel as the basis for

defendants' denial of claims based on time filing.  Plaintiff contends that a waiver as to one communication waives the privilege with respect to all other communications.

Defendants respond that plaintiff's motion must be denied as untimely because discovery has ended.  Even if the motion is timely, defendants argue that plaintiff's motion should be denied because the affirmative defense of advice of counsel is not present in this case.  Defendants further argue that the deposition excerpts cited by plaintiff only show a discussion of mere facts, not the actual content of the legal advice, the specific bases underlying the legal advice, or any other legal impressions.

The attorney-client privilege may be implicitly waived.  United States v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998).  To find an implied waiver of the privilege by virtue of affirmative reliance on some matter that has been put into issue, three factors must be satisfied.  Hearn v. Rhay, 68 F.R.D. 574, 580-81 (E.D. Wash. 1975).  These factors include: "(1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense." Id. at 581.  Several jurisdictions have

either adopted or cited with approval this three-factor test.[1] These factors have been widely followed by courts. See Williams v. Sprint/United Mgmt. Co., 464 F. Supp. 2d 1100, 1104-1105 (D. Kan. 2006) (stating that it believes that the Tenth Circuit would adopt the Hearn test); Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir. 1995) (applying the Hearn factors to determine whether an implied waiver of attorney-client privilege occurred); and Conkling v. Turner, 883 F.2d 431, 434 (5th Cir. 1989) (citing Hearn in its discussion regarding when the attorney-client privilege is waived).[2]

---

[1] The Eighth Circuit has found that "[i]n determining whether there has been an implied waiver, two elements must be examined: (1) implied intention and (2) fairness and consistency." Id. Sedco Int'l S.A. v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982). The court finds that the three-factor test addresses the same concerns as the two considerations the Eighth Circuit deemed necessary to review when deciding whether a party has implicitly waived the privilege. This conclusion is further supported by the fact that in Sedco, the Eighth Circuit cited Hearn when stating that courts have found waiver by implication when a client asserts reliance on an attorney's advice as an element of a claim or defense.

[2] While many of these opinions deal exclusively with the attorney-client privilege, the court is persuaded that this analysis applies to the waiver of any privilege asserted by a litigant, including the work product privilege. See Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1204-1295 (Fed. Cir. 1987) (referencing the Hearn decision in connection with privileges in general) and United States v. Exxon Corp., 94 F.R.D. 246, 248 (D.D.C. 1981) (discussing the Hearn decision in relation to waiver of any privilege).

3

### 1. Decision to Apply the Time Filing Program in Some States and Not Apply it in Others

Plaintiff claims that defendants have waived the privilege as to the decision to apply the time filing program in some states and not apply it in other states. To make this argument, plaintiff relies on an excerpt from the deposition testimony of Lisa Wagner, defendants' corporate representative. In this deposition testimony, Wagner states the legal department informed defendants that there were certain states in which the time filing provision should not be enforced because those states did not support the enforcement of time filing provisions. Wagner also testified that in determining whether to apply the time filing provision in South Dakota as opposed to California, defendants relied on the advice of counsel. Docket 304-2 at 7-8.

Here, plaintiff has not satisfied the first factor of the three-factor test. To satisfy the first factor, plaintiff must demonstrate that defendants explicitly or implicitly made an attorney's advice or conduct the basis of their defense to plaintiff's bad faith claim. More specifically, in relation to depositions, the privilege is not necessarily waived when a deponent answers questions by responding that he acted on advice of counsel if that advice is not itself an element of the claim or defense on a subject matter at issue. To rule otherwise would be to allow a skilled questioner to control the availability of the privilege merely by the manner of peripheral questions

posed to the witness. See generally Libbey Glass, Inc. v. Oneida, Ltd., 197 F.R.D. 342, 346-47 (N.D. Ohio 1999) (finding that the fact that the client relied on advice of counsel in a deposition is not sufficient to waive the privilege where none of the substance of that advice was revealed and where it would not be used as a defense) and In re Brand Name Prescription Drugs Antitrust Litig., 1995 WL 531805 at *1-2 (N.D. Ill. Aug. 18, 1995) (finding that the privilege was not waived despite the witness's testimony that counsel was present at the major meetings to give guidance because the statements revealed nothing substantive about attorney-client communications, other than counsel's direction to comply with the law generally).

Defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint. Docket 23. Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Wagner's deposition testimony. Wagner's testimony does not specifically relate to the denial of Teri Powell's claim, which is the claim at issue in this case. Rather, Wagner's testimony very broadly addresses the reason as to why defendants apply the time filing provision in some states and not in other states. As such, the court finds that Wagner's testimony does not establish that defendants are asserting that they relied on the advice of counsel when they denied Powell's claim. It follows that

defendants did not waive the privilege with respect to application of time filing in other states because that is not at issue in this case.

Moreover, even if plaintiff showed that defendants asserted the affirmative defense of advice of counsel, plaintiff has not satisfied the third factor. Application of the privilege will not deny plaintiff access to information vital to her claim. Plaintiff already knows which states defendants were advised not to deny claims in based on the time filing provision and which states defendants were advised that they could deny claims in based on the time filing provision. Therefore, defendants' privileged documents are not vital to plaintiff to enable her to prove her bad faith claim. Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.

### 2. The Determination of How to Apply the Time Filing Program

Plaintiff contends that defendants have waived the privilege as to the determination of how to apply the time filing program. In support of this contention, plaintiff again cites to an excerpt from the deposition testimony of Wagner. In this deposition testimony, Wagner testified that in 2006, when defendants decided whether to apply the time filing provisions in certain states, they relied on the advice of counsel. Wagner further testified that defendants continue to rely on the advice of counsel with respect to where and how to apply the time filing provision. Docket 304-2 at 8.

Here, again, plaintiff has not satisfied the first factor of the three-factor test. As mentioned above, defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint. Docket 23. Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Wagner's deposition testimony. Wagner's testimony does not specifically relate to the denial of Powell's claim, which is the claim at issue in this case. Rather, Wagner's testimony very broadly addresses how defendants determined where and how to apply the time filing provision in 2006 and currently. As such, the court finds that Wagner's testimony does not establish that defendants are asserting that they relied on the advice of counsel when they denied Powell's claim. It follows that defendants did not waive the privilege with respect to the determination as to where and how to apply the time filing provision because that is not the issue in this case.

Moreover, even if plaintiff showed that defendants asserted the affirmative defense of advice of counsel, plaintiff has not satisfied the third factor. Application of the privilege will not deny plaintiff access to information vital to her claim. Plaintiff already knows which states defendants were advised not to deny claims in based on the time filing provision and which states defendants were advised that they could deny claims in based on the time filing provision. Therefore, defendants'

7

privileged documents and communications are not vital to plaintiff to enable her to prove her bad faith claim. Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.

### 3. The Adequacy of the Policy Language to Support Denial for Late Filing

Plaintiff argues that defendants have waived the privilege as to the adequacy of the policy language to support denial for late filing. Plaintiff argues the excerpt from the deposition testimony of Dale Statz, defendants' Legal Compliance Manager, demonstrates that defendants have waived the privilege in relation to this subject matter. In this deposition testimony, Statz testified that with respect to the Becker claim, defendants received a letter from an attorney hired by Becker, which they considered a written appeal of the denial of Becker's claim. Statz further testified that the determination of the appeal committee was to overturn the initial denial of Becker's claim based on the advice of counsel. Statz indicated that the advice of counsel was to overturn the denial of Becker's claim, but that he did not recall what specifically occurred during the appeal committee meeting on July 25, 2006. Docket 304-6 at 8-9.

Here, plaintiff has not satisfied the first factor of the three-factor test. Defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint. Docket 23.

8

Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Statz's deposition testimony. Statz's testimony does not specifically relate to the denial of Terri Powell's claim, which is the claim at issue in this case. Rather, Statz's testimony addresses why the Becker claim was overturned. The court has previously determined that evidence of the Becker claim is inadmissible evidence under Rule 404(b) because Powell's claim and Becker's claim are fundamentally different. In particular, Powell and Becker submitted different requests to defendants at different stages of the insurance claim process. See Docket 380. As such, the court finds that Statz's testimony does not establish that defendants are asserting that they relied on the advice of counsel when they denied Powell's claim. It follows that defendants did not waive the privilege with respect to Becker's claim or more specifically the adequacy of the policy language to support denial for late filing. Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.

### 4. The Application of the Total Disability Definition

Plaintiff urges that defendants have waived the privilege as to the application of the total disability definition. Plaintiff again proposes that an excerpt from Statz's deposition testimony supports the finding that defendants have waived the privilege with respect to this particular subject matter. In this deposition testimony, Statz testified that he does not

9

specifically recall communications with Mark Richardson and Jennifer Luciani regarding the application of the total disability definition on August 23, 2002.  Statz also testified that he does not recall conversations he had with Mark Richardson about the definition of total disability, in general and that he does not recall any specific conversations that he had with Mark Richardson.  Docket 304-6 at 5.

     Here, plaintiff has not satisfied the first factor of the three-factor test.  Defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint.  Docket 23.  Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Statz's deposition testimony.  Statz's testimony does not specifically relate to the denial of Powell's claim, which is the claim at issue in this case.  Rather, Statz's testimony addresses the fact that he does not recall conversations with specific people about the definition of total disability.  As such, the court finds that Statz's testimony does not establish that defendants are asserting that they relied on the advice of counsel when they denied Powell's claim.  It follows that defendants did not waive the privilege with respect to the application of the definition of total disability.  Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.

### 5. Communications with the Legal Department Regarding Time Filing

Plaintiff argues that defendants have waived the privilege as to the communications with the legal department regarding time filing. Plaintiff argues that Statz's deposition testimony illustrates defendants' waiver of privilege regarding this subject matter. In this deposition testimony, Statz testified that he did not recall a March 22, 2006, communication from Lisa Wagner to Sara Norberg and himself, requesting feedback from the legal department regarding time filing. Statz further testified that while he has had communications with the legal department on the subject of time filing, he does not specifically remember any of those conversations. Docket 304-6 at 6.

Here, plaintiff has not satisfied the first factor of the three-factor test. Defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint. Docket 23. Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Statz's deposition testimony. Statz's testimony does not specifically relate to the denial of Powell's claim, which is the claim at issue in this case. Rather, Statz's testimony addresses the fact that while he had conversations with the legal department about the time filing provision, he does not specifically remember any of those conversations. As such, the court finds that Statz's testimony does not establish that defendants are

asserting that they relied on the advice of counsel when they denied Powell's claim. It follows that defendants did not waive the privilege with respect to communications with the legal department regarding time filing. Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.

### 6. Creation of a Letter Advising Claimants that, "After Review of Additional Information Submitted," the Denial on the Basis of Late Filing is Now Overturned

Plaintiff claims that defendants have waived the privilege as to the creation of a letter advising claimants that, "after review of additional information submitted," the denial on the basis of late filing is now overturned. Plaintiff relies upon Statz's deposition testimony to support this position. In this deposition testimony, Statz testified that he does not know whether the phrase "after review of additional information submitted" is form language that was created by the legal department to overturn decisions. Statz testified that he believes the phrase is definitely part of a letter. Docket 304-6 at 7.

Here, plaintiff has not satisfied the first factor of the three-factor test. Defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint. Docket 23. Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Statz's deposition testimony. Statz's testimony does not

specifically relate to the denial of Powell's claim, which is the claim at issue in this case. Rather, Statz testified that a certain phrase was from a letter but that he was unsure if that phrase was form language. As such, the court finds that Statz's testimony does not establish that defendants are asserting that they relied on the advice of counsel when they denied Powell's claim. It follows that defendants did not waive the privilege with respect to the creation of a letter to overturn claim denials. Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.

    **7.**    **The Role of Prejudice as a Factor in Late Filing Denials**

Finally, plaintiff asserts that defendants have waived the privilege as to the role of prejudice as a factor in late filing denials. To support this assertion, plaintiff relies on portions of Statz's deposition testimony. In this deposition testimony, Statz testified that he agrees that it is a rule of claim handling that the company must give equal consideration to the interest of the insured and that the company cannot put its own financial interest ahead of the insured. Statz agreed that it is an expectation of defendants' staff to help the insured with the claim and help the insured understand what the insured needs to submit in order to get the claim paid. Statz also testified that in determining whether to reverse a time filing denial, the factors that defendants consider, in part, are somewhat specific to the case.

Events that may lead to reversal of a time filing denial include the fact that an insured is mentally impaired and the fact that defendants received advice from counsel to do so.  Statz also testified that there are times when defendants will receive an attorney's letter and it may be incumbent upon the legal members of the committee to review and interpret that legal appeal.

In relation to Powell's claim, Statz testified that attorney Leach submitted a letter stating that under the facts of that case, there was no prejudice to defendants by the late filing of Powell's claim and that in support of this submission, attorney Leach cited case law.  Statz further testified that as a matter of custom and practice, the legal department may get involved in investigating pluses and minuses of that case law.  Statz stated that there have been times in the past where if there does not appear to be any prejudice by delay in giving notice of the claim, defendants have reversed time denials.  Docket 304-3 at 2–3.

Here, plaintiff has not satisfied the first factor of the three-factor test.  Defendants did not explicitly raise the affirmative defense of advice of counsel in their answer to plaintiff's amended complaint.  Docket 23.  Further, defendants did not implicitly raise the affirmative defense of advice of counsel through Statz's deposition testimony.  Statz's testimony does not specifically relate to the denial of Powell's claim, which is the claim at issue

in this case. Rather, Statz testified that the legal department may get involved in investigating the advantages and disadvantages of defendants' actions in relation to case law. As such, the court finds that Statz's testimony does not establish that defendants are asserting that they relied on the advice of counsel when they denied Powell's claim. It follows that defendants did not waive the privilege with respect to prejudice as a factor in late filing denials. Accordingly, defendants' documents in relation to this subject matter are privileged and plaintiff is not entitled to such documents.[3]

Based on the foregoing, it is hereby

ORDERED that plaintiff's motion for waiver on attorney-client and work product privileges (Docket 303) is denied.

Dated May 27, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[3] Because the court finds that defendants have not waived the privilege with respect to any subject matter and therefore denies plaintiff's motion on that basis, the court need not address whether plaintiff's motion was timely.