UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE EXTRINSIC EVIDENCE RELATING TO THE INTERPRETATION OF THE TIME FILING PROVISION |
| vs. | ) ) ) | |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants move to preclude extrinsic evidence relating to the interpretation of CUNA Mutual's time filing provision. Plaintiff opposes the motion. The motion is denied.

**DISCUSSION**

The parties dispute when Teri Powell's insurance policy required her to file her claim for disability benefits. In relation to filing a claim for disability benefits, Powell's insurance policy stated:

> HOW TO FILE A TOTAL DISABILITY CLAIM
> You must contact us or your credit union about your Total Disability claim when you are eligible for benefits. Your credit union will provide you with claim forms or you can simply send us written proof of your disability. That proof must show the date and the cause of the Total Disability and how serious it is, and it must be signed by a physician or a chiropractor. The

> initial proof should be for the initial period of Total Disability, after you have completed the Waiting Period or Elimination Period. After that, we will require proof of your continued disability, from time to time.
>
> You must send proof to us within 90 days after your Total Disability stops. If you cannot send proof to us within 90 days, you must do so as soon as you can. Unless you have been legally incapable of filing proof of Total Disability, we won't accept it if it is filed after one (1) year from the time it should have been filed. You can't start any legal action until 60 days after you send us proof of your Total Disability and you can't start any legal action more than three (3) years after you send the proof.

Docket 309 at 15.

Under South Dakota law, the language of an insurance policy must be construed according to its plain meaning. Northland Ins. Co. v. Zurich American Ins. Co., 743 N.W.2d 145, 148 (S.D. 2007). "Where the provisions of an insurance policy are fairly susceptible of different interpretations, the interpretation most favorable to the insured should be adopted. This rule of liberal construction in favor of the insured and strictly against the insurer applies only where the language of the insurance contract is ambiguous and susceptible of more than one interpretation. . . . This rule does not mean, however, that the court may seek out a strained or unusual meaning for the benefit of the insured." Olson v. U.S. Fidelity & Guar. Co., 549 N.W.2d 199, 200 (S.D. 1996). "Ambiguity in an insurance policy is determined by reviewing '*the policy as a whole and plain meaning and effect of its words.*' " Chord v. Reynolds, 587 N.W.2d 729, 732 (S.D. 1999) (quoting American

2

Family Mut. Ins. Co. v. Elliot, 523 N.W.2d 100, 102 (S.D. 1994)).

In addition to the aforementioned paragraphs with respect to how to file a disability claim, CUNA Mutual's credit insurance schedule states that "[i]f [an insured is] totally disabled for more than 14 days, then the disability benefit will begin with the 1st day of disability." Docket 309 at 14. The policy also defines total disability as follows:

> Definition of Total Disability. During the first 12 consecutive months of total disability, Total Disability means that you are not able to perform most of the duties of your occupation because of a medically determined sickness or accidental injury and are under the care and treatment of a physician. After the first 12 consecutive months of Total Disability, the definition changes and requires that you not be able to perform the duties of any occupation for which you are reasonably qualified by education, training, or experience. You will be required to give us proof of your continuing Total Disability from time to time.
>
> If your Total Disability recurs within seven (7) days after you have recovered from that period of Total Disability and the recurrence is a recurrence of the same condition, we will consider this a continuation of that period of Total Disability. However, if your Total Disability recurs more than seven (7) days after you have recovered from that period of Total Disability, we will consider it a new period of Total Disability regardless of whether the recurrence is the result of the same condition or a new condition.

Docket 309 at 15.

After reading the policy as a whole, with focus on the provisions specifically mentioned above, and considering the plain meaning and effect of its words, the court finds no ambiguity in the policy. The provision that instructs the insured how to file a claim does not distinguish between the

time limit to file a claim for total disability as defined for the first 12 months of the disability or for total disability as defined for the time period after the first 12 months. In other words, the provision of the policy dealing with how to file a claim does not differentiate the time period for filing a claim for an occupational disability as opposed to a general disability. Rather, the provision states that the insured must send proof of her disability "within 90 days after [her] Total Disability stops." Docket 309 at 15.

If an insured has until 90 days after her total disability stops to send proof of her disability, it necessarily follows that the insured has until that same time to file her claim for total disability. Accordingly, the court finds that the policy is unambiguous and requires an insured to file her claim for disability benefits no later than 90 days after her total disability stopped. Moreover, the policy provision informs the insurer that her claim will not be accepted if it is filed after one year from the time it should have been filed, which is 90 days after her total disability stopped.[1]

Defendants submit that even under this interpretation of the policy, Powell failed to submit her initial claim for disability in a timely manner and therefore the court should preclude any and all evidence of time filing based

---

[1] The court notes that when a disability "stops" is a question that does not always have a clear cut answer. But this is not a legal question regarding the interpretation of the policy to be determined by the court. Rather, it is a factual question for the jury to determine.

4

on relevance. First, plaintiff disputes that Powell untimely filed her claim and because a material issue of fact exists on this question, this is a question for the jury to decide, not the court. Second, even if the court were to determine that Powell untimely filed her claim, under South Dakota law, notice requirements in an insurance policy should not be strictly enforced unless the delay in notification has prejudiced the insurer's ability to defend a claim. Auto Owners Ins. Co. v. Hansen Housing, Inc., 604 N.W.2d 504, 513 (S.D. 2000). As such, if Powell filed her claim late, defendants would have to show that they were prejudiced by such tardiness to justify denying Powell's claim based on untimely filing.

Finally, in order to prove defendants acted in bad faith, plaintiff "must show an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis." Phen v. Progressive Northern Ins. Co., 672 N.W.2d 52, 59 (S.D. 2003). Therefore, the basis on which defendants initially and subsequently denied Powell's claims, thus causing a delay in payment of benefits, is relevant to whether defendants acted in bad faith. More specifically, such evidence is relevant as to whether defendants had reasonable bases to deny Powell's claims and whether they knew or acted with reckless disregard in doing so. Accordingly, evidence of the time filing provision, defendants' application of

the provision, and defendants' state of mind regarding denying claims on the basis of the provision is relevant. Such evidence tends to demonstrate defendants' knowledge about the meaning and application of the provision.[2]

Accordingly, it is hereby

ORDERED that defendants' motion to preclude extrinsic evidence relating to the interpretation of CUNA Mutual's time filing provision (Docket 309) is denied.

Dated May 29, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[2] Because the insurance policy is unambiguous, plaintiff is not allowed to introduce parole evidence for the purpose of providing evidence to the jury regarding how the contract provisions should be construed. If defendants believe that plaintiff is submitting parole evidence during trial, for this purpose, defendants must object and the court will rule on that issue at that time.