UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff moves in limine to preclude defendants from offering evidence of other lawsuits, specifically eight documents from Mansell v. CUNA (Civ. No. CV-07-000799-HSL, Circuit Court of Jefferson County, Alabama). Defendants respond that this evidence is relevant because it involves a court decision on a policy that references a definition of total disability and time limitations on when an insured must file a clam for disability similar to the case at hand. Defendants have marked as exhibits a court order and briefs from the case.

In Mansell, the plaintiff sued CUNA based on breach of contract, bad faith, fraud, suppression, breach of fiduciary duty, conspiracy and collusion

to defraud, outrage, negligence, and money had and received. On January 24, 2008, the county circuit court in a two-paragraph order granted summary judgment on all the claims except the breach of contract claim. The court order does not articulate the reasons that the motion for summary judgment was granted in part and denied in part.

Defendants contend this evidence is relevant to show that another court rejected plaintiff's argument regarding the meaning of the policy's time filing provision and total disability provisions. Because the Alabama court denied the motion for summary judgment on the breach of contract claim, however, this conclusion is not consistent with the order. Furthermore, because Mansell involved many claims that are not present in this case, admission of the evidence would confuse the jury on the only issue before it here, namely bad faith.

Defendants also contend that the Mansell litigation is admissible because it directly addresses the issue of whether defendants had notice from other courts that its construction and interpretation of the time filing provisions was reasonable under the law. Alabama courts have recognized, however, that "Alabama law holding that a primary insurer need not demonstrate prejudice in order to use untimely notice as a bar to coverage–the 'no prejudice rule'–is the minority position." Midwest Employers Cas. Co. v. East Alabama Health Care, 695 So. 2d 1169, 1172

(Ala. 1997). South Dakota, on the other hand, prohibits an insurer from denying a claim because it was untimely filed unless the insurer has been prejudiced by such late filing. Because this presents a significant difference in the law that was applied to the <u>Mansell</u> claim, admission of the <u>Mansell</u> evidence during trial would unfairly prejudice plaintiff and cause confusion of the issues. The <u>Mansell</u> evidence has limited probative value and that value is outweighed by its unfair prejudice.

Defendants also contend that the evidence is admissible because plaintiff has been allowed to introduce evidence of other CUNA claims regarding time filing. The court denied plaintiff's request to introduce evidence of an Alabama claim, however, for the same reason set forth here. See Deborah McCloud claim, Docket 290-45, 290-46. Accordingly, it is hereby

ORDERED that plaintiff's motion in limine to preclude the <u>Mansell</u> evidence (Docket 376) is granted.

Dated May 29, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE