UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE CERTAIN EVIDENCE |
| CUNA MUTUAL GROUP; CUNA MUTUAL LIFE INSURANCE COMPANY; and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants move to preclude evidence unrelated to Powell's three periods of alleged disability. Plaintiff opposes the motion. The motion is denied.

**DISCUSSION**

Defendants argue that because plaintiff has dismissed her breach of contract claim requesting additional benefits under the policy for the two time periods of May 16, 2003, through April 24, 2005, and June 2, 2005, through June 14, 2006, disability evidence pertaining to these two time periods is irrelevant. Even if the court finds that this evidence is relevant, defendants contend that the evidence should still be excluded because the danger of unfair prejudice and jury confusion greatly outweighs the probative value of the evidence. Plaintiff responds that she has not conceded that Powell was not disabled after May 15, 2003. Plaintiff submits that she merely

represented that she did not have a breach of contract claim because when Powell died, defendants paid off the entire loan under her life insurance and thus she has no further damages on her breach of contact claim.

The court finds that the issue before the jury is whether defendants acted in bad faith when they denied or delayed Powell's disability benefits. In fact, during the pretrial conference, both parties agreed that is the issue. (Transcript. p. 13, lines 18-19).

Defendants paid Powell benefits for three distinct periods: May 16, 2002, through May 15, 2003; April 25, 2005, through June 1, 2005; and June 15, 2006, through January 1, 2007. Docket 401-2; Docket 401-3; Docket 401-4. Even though the court has dismissed plaintiff's breach of contract claim, evidence of Powell's alleged disability during May 16, 2003, through April 24, 2005, and June 2, 2005, through June 14, 2006, is relevant and is intrinsic to plaintiff's claim that defendants acted in bad faith when they denied or delayed Powell's disability benefits.

The court has previously recognized that under South Dakota law, "[i]n order to establish that an insurance company acted in bad faith in denying a claim, the insured must show an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis for denial." Then v. Progressive Northern Ins. Co., 672 N.W.2d 52, 59 (S.D. 2003). That is, in order for plaintiff to succeed in proving her bad faith claim, she must prove that defendants denied Powell's claim knowing that there was

2

no reasonable basis for the denial, or that defendants acted with reckless disregard as to whether a reasonable basis existed for denial of the claim.

Here, plaintiff is alleging that defendants wrongfully denied Powell's benefits several times, including the time period from May 16, 2003, through April 24, 2005, and June 2, 2005, through June 15, 2006.[1] Plaintiff alleges that Powell was disabled during these time periods and defendants wrongfully denied her benefits. These allegations establish that plaintiff is contending that when defendants denied Powell benefits during these two time periods, they had no reasonable basis or acted reckless in determining whether they had a reasonable basis for doing so, and as a result Powell suffered damages. These are the elements of a bad faith cause of action. As such, evidence of Powell's condition and defendants' action during these two time periods are relevant to the determination of whether defendants acted in bad faith.

Further, the fact that defendants paid off Powell's loan by paying her benefits for three particular time periods does not necessarily mean that defendants never wrongfully denied a claim submitted by Powell at a different time. As mentioned by the court before, a plaintiff may still pursue a bad faith cause of action despite the fact that the defendant subsequently paid benefits to the plaintiff because there is no requirement that a plaintiff's contract loss remain unpaid at the time of trial. Indeed, the defendant's

---

[1] Plaintiff represented to the court that the breach of contract claim was dismissed because plaintiff had no remaining unpaid contract damages after defendants paid off the entire loan balance under her credit life insurance policy.

denial is the significant event that is to be considered and focused upon, not the defendant's subsequent actions. If a defendant wrongfully denied a plaintiff benefits for one time period, it cannot justify or erase that behavior by subsequently paying benefits for another time period.

Moreover, the probative value of such evidence outweighs any unfair prejudice. Evidence of Powell's condition and defendants' behavior during these two time periods relate directly to plaintiff's bad faith claim. Nothing prohibits defendants from introducing evidence that shows the jury that defendants paid Powell's loan and therefore plaintiff is not entitled to any additional benefits under the policy. Finally, the court will instruct the jury as to the proper damages available in this case which eliminates defendants' concern that the jury may award Powell benefits for these two time periods. Accordingly, the court finds that evidence of Powell's alleged disability and defendants' analysis of that alleged disability from May 16, 2003, through April 24, 2005, and June 2, 2005, through June 14, 2006, is admissible.

Accordingly, it is hereby

ORDERED that defendants' motion to preclude certain evidence (Docket 401) is denied.

Dated May 31, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE