UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | CIV. 06-5061-KES |
| Plaintiff, | ORDER ON OBJECTIONS TO TAXATION OF COSTS |
| vs. | |
| CUNA MUTUAL INSURANCE SOCIETY, | |
| Defendant. | |

Plaintiff, Sharon McElgunn, as personal representative of the estate of Teri Powell, seeks review of the clerk's denial of her request for taxation of costs in the amount of $25,332.80 for costs of making copies of the materials where the copies were necessarily obtained for use in the case.

### BACKGROUND

Plaintiff filed suit seeking damages from defendant for injuries Powell sustained when defendant denied her disability insurance claim. The jury found in favor of plaintiff and awarded her damages in the amount of $200,000 and punitive damages in the amount of $6 million. The court then entered a judgment in favor of plaintiff.

In plaintiff's Bill of Costs, plaintiff requested reimbursement for fees of the clerk $350, fees for service of summons and subpoena $10, fees for transcripts $17,198.93, fees for copies $25,332.80. Defendant did not object to the requested costs. The clerk awarded plaintiff costs in the amount of

$17,256.09, but denied all the costs under the category of copy costs. Plaintiff seeks review of the total denial of copy costs. Defendant has not responded.

**DISCUSSION**

Rule 54 provides that "costs—other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Within its discretion, a district court might deny costs because of the financial disparity between the parties or might modify the amount requested for other reasons. Poe v. John Deere Co., 695 F.2d 1103, 1108-09 (8th Cir. 1982). In addition to the financial disparities between the parties, the good faith of the losing party is a factor the court considers to ensure an equitable taxation of costs decision. In re Paoli Railroad Yard PCB Litigation, 221 F.3d 449, 463 (3d Cir. 2000).

The district court reviews the clerk's taxation of costs de novo. Id. at 461. The court gives no deference to the clerk's decision and the court's inquiry is not limited to the record. Id. at 463. The court's role is to insure that cost awards are equitable. Id. at 462. "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

**1.    Waiver of Right to Object**

Defendant did not file an objection to plaintiff's bill of costs. Local Rule 54.1, which governs taxation of costs, states in pertinent part: "Opposing

2

counsel may within 10 business days thereafter file with the Clerk exceptions to the costs or any specific item therein." D.S.D. L.R. 54.1. Failure to timely object to the prevailing party's bill of costs constitutes waiver of any objections. Martin v. DaimlerChrysler Corporation, 251 F.3d 691, 695-96 (8th Cir. 2001). Because defendant failed to file objections to plaintiff's bill of costs, it has waived its right to object to the photocopy costs.

2.     **Photocopying Costs**

Plaintiff contends that even if defendant had timely objected to the photocopy costs, defendant would not have prevailed. "Copy and exemplification fees may be awarded if the fees were incurred for items 'necessarily obtained' for use in the case." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). It is within the discretion of the court as to whether discovery related copying expenses are taxable as costs. Little Rock Cardiology Clinic v. Baptist Health, 2009 WL 5092933, at *8 (8th Cir. Dec. 29, 2009). "Rule 54 represents a 'codification of the "presumption that the prevailing party is entitled to costs." ' To avoid taxation of costs, [the losing party] was required to overcome this presumption." Martin, 251 F.3d at 696. Defendant has presented no argument that would overcome the presumptive award of costs. Additionally, from the court's review of the photocopy expenses and based on the court's familiarity with the case, the court finds that the copy costs appear to have been incurred for items necessarily obtained for use in the

case. This was a long, paper intensive case. The copies involved here include copies directly related to the trial and others not used at trial, but all were reasonably obtained for use in the case. Furthermore, the court is aware of no equitable reason that it should not impose the copying costs on defendants. As a result, the court finds that plaintiff is entitled to an award of costs for photocopying in the unobjected to amount of $25,332.80.

### 3. Total Taxation of Costs

The court hereby awards costs as follows:

| | |
|---|---:|
| Fees of the Clerk | 350.00 |
| Fees for service of summons and subpoena | 10.00 |
| Fees for transcripts | 16,896.09 |
| Fees for copies | 25,332.80 |
| Total | $42,588.89 |

A judgment shall be entered accordingly.

IT IS HEREBY ORDERED that plaintiff's objections to the clerk's taxation of costs (Docket 487) is sustained.

Dated December 30, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE