UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON McELGUNN, as personal representative of the estate of Teri Powell, | ) ) ) ) | CIV. 06-5061-KES |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, Sharon McElgunn, as personal representative of the estate of Teri Powell, moves to clarify or amend the protective order (Docket 114) and the amended protective order (Docket 235) to allow public access to all documents in the court file. Docket 499. McElgunn also moves the court to rule on her motion to clarify or amend, despite the defendant's filing of a notice of appeal. Docket 503. Defendant, CUNA Mutual Insurance Society, opposes McElgunn's motions. Docket 505. The motions are granted.

**FACTUAL BACKGROUND**

On February 23, 2007, the parties filed a stipulation for a protective order to facilitate discovery, reduce needless use of the resources of the court and counsel, and protect defendants from competitive advantage. Docket 111. On February 26, 2007, the court approved the stipulation and issued a

protective order with regard to any documents produced in discovery by CUNA Mutual in this action in response to Requests 2, 3, 4, 6, 7, 8, 9, 10, 16, 18 through 25, and 27 of Plaintiff's First Set of Document Requests, and to all documents produced in response to Plaintiff's Second Set of Document Requests. Docket 114.

On April 16, 2008, CUNA Mutual filed an expedited motion for amendment of the original protective order, requesting protection of documents produced in response to Plaintiff's Third, Fourth, Fifth, and Sixth Sets of Document Requests. Docket 214. In response, McElgunn contended that a protective order for documents produced in response to Plaintiff's Third and Fourth Sets of Document Requests was improper because CUNA Mutual had waived its right to a protective order for those documents. Docket 216. On April 30, 2008, the court partially granted CUNA Mutual's motion, expanding the protective order to include any document(s) produced in discovery by CUNA Mutual in this action in response to Requests 5 through 16, 20, 22, and 29 of Plaintiff's Fifth Set of Document Requests, and to Requests 1, 2, 3, 4, 5, 6, 7, and 8 of Plaintiff's Sixth Set of Document Requests. Docket 235.

The case went before a jury on June 1, 2009. During the trial, McElgunn and CUNA Mutual both offered exhibits that had been produced subject to the protective order. Neither party requested that the exhibits be sealed. The exhibits were received into evidence and they were not sealed. On June 12,

2009, the jury returned a verdict in favor of McElgunn, awarding $200,000 in compensatory damages and $6 million in punitive damages. CUNA Mutual moved for a new trial on June 26, 2009. Docket 468. On March 22, 2010, the court denied the motion and reduced the punitive damages to $1.6 million. Docket 502. The exhibits at issue have been part of the public record for over a year. Currently pending, in addition to the present motions, are appeals by both parties to the Eighth Circuit Court of Appeals. Docket 509, 511.

**DISCUSSION**

The district court may, in its discretion, modify the terms of a protective order which it has entered. Jochims v. Isuzu Motors, Ltd., 148 F.R.D. 624, 630 (S.D. Iowa 1993) (citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 955 (8th Cir. 1979)); see also 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2044.1, at 259 (3d ed. 2010) ("Once entered, protective orders need not remain in place permanently, and they are not immutable in their terms."). Any modification made by the district court is subject to review for abuse of discretion. Iowa Beef Processors, 601 F.2d at 955.

**I. Modification of Existing Protective Order**

McElgunn requests that the existing protective order (Docket 114) and the amended protective order (Docket 235) be modified so as to allow public access to all documents in the court's file. Docket 499. The court considers

motions to modify protective orders " 'in light of the relevant facts and circumstances.' " United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978)); see also Matter of Johnson, 461 N.W.2d 767, 769 (S.D. 1990) (quoting the same passage). In determining whether to grant the motion, the court may consider whether the material in question was produced in reliance on the protective order and the grounds asserted for modification. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2044.1, at 273–77 (3d ed. 2010).

**A.     CUNA Mutual's Reliance on the Existing Protective Order**

Protective orders serve an important goal in facilitating the flow of information during discovery, and the amendment of protective orders may discourage cooperation. Id. § 2044.1, at 278. Therefore, in assessing the producing party's reliance on a protective order, the court only requires that the reliance be reasonable. Id. § 2044.1, at 279. In this case, however, where there was a blanket protective order under which all documents produced by CUNA Mutual received protected status, the reasonableness of the reliance is much less persuasive. Id. § 2044.1, at 280. Furthermore, CUNA Mutual has offered no evidence demonstrating that it actually relied on the protective order when producing the documents in question. Consequently, the court finds

that CUNA Mutual did not reasonably rely on the protective order when producing the documents in question.

### B. McElgunn's Grounds for Modification

The party producing protected documents typically must demonstrate that a challenged document is actually entitled to protected status and that disclosure of the protected document would be harmful to the producing party. See Docket 114, 235 ("[T]he producing party shall retain the burden of proving entitlement to protected status under the same standards of law as would be applicable if the parties were to present that question to the Court at this time."). Because McElgunn is attempting to modify or amend the existing protective order, however, the court must first consider the grounds asserted by McElgunn for modifying or amending the existing protective order. See Iowa Beef Processors, 601 F.2d at 954. "[T]he initial showing of good cause for entry of a protective order . . . is on the party seeking protection. However, when an attempt is made to amend or lift that protection, there must be a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party." Id.

The court finds that McElgunn has satisfied the burden of proof for modifying or amending a protective order by demonstrating "that intervening circumstances have obviated or eliminated any potential prejudice to the protected party." Iowa Beef Processors, 601 F.2d at 954. The amended

protective order stated that documents listed in the amended protective order should not be filed in open court without seal. Docket 235. But when McElgunn provided CUNA Mutual with a list of exhibits that McElgunn anticipated offering at trial, a list that included previously protected documents, CUNA Mutual did not request that such exhibits be sealed. Furthermore, when the previously protected documents were offered and received into evidence in open court, CUNA Mutual made no objections. Additionally, CUNA Mutual also introduced into evidence exhibits that had been produced subject to the protective order without requesting that the exhibits be sealed. The exhibits have been part of the public record for over a year.

Therefore, because the protective order provided a specific avenue through which the special status of protected documents could have been maintained and CUNA Mutual failed to pursue such measures, CUNA Mutual waived the right to maintain the protected status of documents received into evidence. The court finds that CUNA Mutual's failure to either move to seal protected documents or object to their admission into evidence because they were not sealed constitutes an intervening circumstance that obviates any potential prejudice to CUNA Mutual and justifies the modification of the existing protective order.

### C. CUNA Mutual's Grounds for Maintaining the Protected Status of the Documents in Question

Because McElgunn has demonstrated an intervening circumstance that justifies the modification of the existing protective order, the burden of proof shifts to CUNA Mutual to demonstrate that the documents in question are actually entitled to protected status and that public disclosure of the documents would result in specific and identifiable harm to CUNA Mutual. See General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (noting that the party seeking a protective order must demonstrate particular and specific harm). Thus far, CUNA Mutual has failed to demonstrate either factor. Therefore, the documents in question will remain available to the public as part of the court record, just as they have been since the close of trial.

CUNA Mutual contends that portions of the documents may violate the privacy rights of nonparties to this litigation. To ensure the protection of those privacy rights, the court directs the party who offered the previously protected exhibit at trial to make the appropriate redactions to such exhibits in accordance with Local Rule 5.2 by **July 19, 2010.**

Therefore, it is

ORDERED that McElgunn's motion (Docket 499) to clarify or amend the protective order (Docket 114) and the amended protective order (Docket 235) is granted. Exhibits received as evidence during the trial are no longer subject to the protective order as of July 19, 2010. Furthermore, the party who offered

the exhibit during trial must make any necessary redactions in accordance with Local Rule 5.2 by **July 19, 2010.**

IT IS FURTHER ORDERED that McElgunn's motion (Docket 503) for the court to rule on motion to clarify to amend protective order is granted.

Dated July 8, 2010.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE